THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THE
CITY OF BUFFALO, Respondent.

Third Department, November 15, 1916.

Highways — motor vehicles — municipal corporations — liability of
city for fines collected for violation of its ordinances — Highway
Law construed.

Subdivision 2 of section 291 of the Highway Law, providing in part that
on the "first day of each month or within ten days thereafter, all fines
penalties or forfeitures collected for violations of any of the provisions
of this article, *or of any act in relation to the use of the public high-
ways by motor vehicles* now in force or hereafter enacted under the
sentence or judgment of any court, judge, magistrate or other judicial
officer having jurisdiction in the premises, shall be paid over by such
court, judge, magistrate or other judicial officer to the treasurer of the
State," etc., does not *include fines and penalties collected under the pro-
visions of the ordinances of the city of Buffalo, a city of the first
class, and the rules and regulations of the park commissioners, and said
city having retained the fines and penalties collected for violations of
such ordinances, rules and regulations is not guilty of conversion in
refusing to turn them over to the State Treasurer.
Any "act in relation to the use of the public highways by motor vehicles
now in force or hereafter enacted," as used in said subdivision 2 of section
291 of the Highway Law, means an act of the Legislature, not the ordi-
nances or rules and regulations of municipal corporations.

APPEAL by the plaintiff, The People of the State of New
York, from so much of a judgment of the Supreme Court in
favor of the defendant, entered in the office of the clerk of the
county of Albany on the 3d day of March, 1916, as disallows to
the plaintiff the sum of $17,831.

The judgment was entered upon the decision of the court
after a trial before the court without a jury.

The opinion of the Trial Term is reported in *People* v. *City
of Buffalo* (93 Misc. Rep. 275).

*Egburt E. Woodbury, Attorney-General [Edward G. Griffin,
Deputy Attorney-General,* of counsel], for the appellant.

*William S. Rann, Corporation Counsel [Clayton M. Smith*
of counsel], for the respondent.

WOODWARD, J.:

The People of the State of New York bring this action as for conversion against the city of Buffalo, claiming that the defendant has withheld the sum of $17,831, fines and penalties collected under the provisions of the State law, city ordinances and park rules and regulations. Upon the trial of the action it was conceded that the State had a right to recover the fines and penalties collected for violations of the State law under section 291 of the Highway Law (Consol. Laws, chap. 25 [Laws of 1909, chap. 30], as added by Laws of 1910, chap. 374), but the defendant maintained that it was entitled to retain the fines and penalties collected for violations of the city ordinances and the park rules and regulations; and the contention of the defendant having been sustained in this regard, the plaintiff appeals from so much of the judgment as refuses this latter relief.

The question brought up for review involves the construction of that portion of the Highway Law which deals with motor vehicles, and particularly with the provisions of subdivision 2 of section 291 of the Highway Law, it being the contention of the plaintiff that this act alone gives municipalities power to deal with the question of regulation of motor vehicles, and that the fines and penalties collected for violations of ordinances, rules and regulations of municipalities and park boards belong to the State. The learned Attorney-General has gone into an elaborate analysis of the statutory law of the State in reference to motor vehicles and their relation to the use of the highways, but the most of this has very little to do with the law as it stood at the time in question; and this is the important question involved here.

Subdivision 2 of section 291 of the Highway Law, in so far as it is important here, provides that "On the first day of each month or within ten days thereafter all fines, penalties or forfeitures collected for violations of any of the provisions of this article or of any act in relation to the use of the public highways by motor vehicles now in force or hereafter enacted, under the sentence or judgment of any court, judge, magistrate or other judicial officer having jurisdiction in the premises, shall be paid over by such court, judge, magistrate

or other judicial officer to the Treasurer of the State, with a statement accompanying the same, setting forth the action or proceeding in which such moneys were collected, the name and residence of the defendant, the nature of the offense, and the fine, penalty, sentence or judgment imposed."* There can be no doubt, of course, and the question is not raised here, that the courts, judges, magistrates, etc., must turn over to the State Treasurer the "fines, penalties or forfeitures collected for violations of. any of the provisions of this article," but the question arises under the further provision of the statute, "or of any act in relation to the use of the public highways by motor vehicles now in force or hereafter enacted, under the sentence or judgment of any court, judge, magistrate," etc. Does this language include fines and penalties collected under the provisions of the ordinances of the city of Buffalo and the rules and regulations of the park commissioners? It seems to us entirely obvious that it does not. We are not here concerned with the question of the power of the defendant to enact the ordinances under which the fines, penalties and forfeitures have been collected. These present questions which were open to those who have paid the same, but are of no consequence here. The city of Buffalo has the money, and the question is presented whether this money belongs to the State of New York in such a sense that the defendant is guilty of conversion in refusing to turn it over to the State Treasurer. What did the Legislature understand by the use of the language, "or of any act in relation to the use of the public highways by motor vehicles now in force or hereafter enacted?" Could it have referred to the municipal ordinances or the rules and regulations of park boards with any fair degree of intelligence in the use of language? The first legislative act of the Colonial Legislature adopted in 1683 was entitled "The Charter of Libertyes and priviledges granted by his Royall Highnesse," etc., and the 2d chapter was entitled "A Continued Bill for defraying the Requisite Charges of the Government," and the succeeding chapters all began with the words, "An act" for this or that purpose, down to the 14th chapter,

---

* Since amd. by Laws of 1916, chap. 577, and made subd. 1.— [REP.

when the title was given as "A bill" for a certain purpose, and these words were used in the same relation indiscriminately during the early legislative experiences of the State. (1 Colonial Laws of New York [Comp. Stat. Rev. Comm.], 111, 116, 121, 123, 124, 125, 129, 131, 133, 134, 136, 137 *et seq.*) Gradually the use of the words "A bill" was dropped, and during all of the later years of the Colonial period all acts were entitled "An act" for the particular purpose, and the first and all succeeding Constitutions of this State (Const. 1777, § 35; Const. 1821, art. 7, § 13; Const. 1846, art. 1, § 17) have provided and the present Constitution (Art. 1, § 16) now provides that "Such parts of the common law, and of the acts of the Legislature of the Colony of New York, as together did form the law of the said Colony, on the nineteenth day of April, one thousand seven hundred and seventy-five, and the resolutions of the Congress of the said Colony, and of the Convention of the State of New York, in force on the twentieth day of April, one thousand seven hundred and seventy-seven, which have not since expired, or been repealed or altered; and such acts of the Legislature of this State as are now in force, shall be and continue the law of this State," etc., and throughout the Constitution the words "bill" and "act" are used as synonymous with the word "law" as a legislative enactment. (See art. 3, §§ 15, 17, 18, 20, 21, 22, 23, 25; art. 4, § 9; art. 8, § 1.) Every bill which has been enacted by the Legislature during the past one hundred years has been entitled "An act" to do certain designated things, and the reports of our courts are full of the expression as indicating a statute or law enacted by the Legislature, and in no other sense. (See *St. John* v. *Andrews Institute*, 191 N. Y. 254, 269, 270.) The court in *Sedgwick County* v. *Bailey* (13 Kan. 608) intelligently says, in reviewing a constitutional provision of that State: "In some of the States the word 'bill' is used, where in others the word 'act' or 'law' is used. But as the question is usually presented to the courts, it can probably make but little if any difference which one of the words is used. Each as presented to the courts, means the final determination of the Legislature upon the particular subject embraced in such 'bill,' 'act' or 'law.' The word 'act' is probably the best word

to use, for it includes no action of the Legislature, or of any person, prior to the final passage of the act by the Legislature, and it includes the whole of the act, nothing more and nothing less. The word 'law' is probably the worst word to use, for a portion of any act may be law, as well as the whole of the act. 'Law,' however, as here used, is intended to be synonymous with 'act.'" (See *Wahl* v. *Holt*, 26 Wis. 703; *Southwark Bank* v. *Commonwealth*, 26 Penn. St. 446.) No one ever refers to an ordinance, by-law, rule or regulation of a municipal corporation as an act; certainly no one ever used the expression in a statute to convey the idea of an ordinance or other local law, and in section 288 of this very statute* we find references to ordinances, rules and regulations of municipal corporations wherever it has these in view; it does not call them "any act," but refers to them in the usual terminology of the law in reference to such local enactments. The rule is well settled that words having a precise and well-settled meaning in the jurisprudence of a country have the same sense when used in its statutes, unless a different meaning is plainly intended (*Perkins* v. *Smith*, 116 N. Y. 441), and certainly the expression "an act," as used in the Constitution and laws of this State, and as recognized throughout the jurisprudence of the country, cannot be held to mean ordinances, rules and regulations of a municipal corporation when appearing in a general statute, without anything in the context to indicate that they are used in any different sense from that which usually prevails.

If we are right in this view, it follows that the contention of the plaintiff is without force, for there is no other language in the act which undertakes to make it the duty of municipal corporations to turn over the fines and penalties collected for violations of their own ordinances, and this view is strengthened by the fact that section 288 of the act limits generally the prohibition against making ordinances to cities other than those of the first class, among which is the defendant. It may be, of course, that the general act has operated to prevent cities other than those of the first class making ordinances which are intended to regulate the speed of motor vehicles, except under

* Added by Laws of 1910, chap. 374, as amd. by Laws of 1915, chap. 487. Since amd. by Laws of 1916, chap. 579. —[Rep.

the special conditions named in section 288, and that the courts, judges, magistrates, etc., who are called upon to enforce the general law are required to turn over the funds collected for violations of the act, but we are clearly of the opinion that where a municipality has the right to enact ordinances upon the question of motor vehicles, their rate of speed, etc., there is nothing in the act here under review which makes it the duty of the courts to turn over the fines and penalties collected for a violation of such ordinances. "Any act in relation to the use of the public highways by motor vehicles now in force or hereafter enacted," means an act of the Legislature, not the ordinances or rules and regulations of municipal corporations.

This view is in harmony with the provisions of section 280 of the act (as added by Laws of 1910, chap. 374), which provides that "except as herein otherwise expressly provided, this article shall be exclusively controlling," not upon the disposition of the fines and penalties, but "1. Upon the registration, numbering and regulation of motor vehicles, and the licensing and the regulation of chauffeurs; 2. On their use of the public highways, and 3. On the accessories used upon motor vehicles and their incidents and the speed of motor vehicles upon the public highways; 4. On the punishment for the violation of any of the provisions of this article." And it is the fines, penalties and forfeitures growing out of the punishment of the violation of any of the provisions of this article which are dealt with in the provisions of section 291 of the act, while section 288 relieves cities of the first class from the inhibition against the passage of special ordinances governing the operation of motor vehicles. (See *People* v. *Untermyer*, 153 App. Div. 176.)

The judgment appealed from should be affirmed.

Judgment unanimously affirmed, with costs.