## COUNTY COURT — NIAGARA COUNTY.

### June, 1917.

## THE PEOPLE v. ADOLPH BRAUN.

### (100 Misc. 343.)

AUTOMOBILES—CITY OF NIAGARA FALLS—CHARTER OF—ORDINANCES RE-
SPECTING MOTOR VEHICLES—HIGHWAY LAW, §§ 286, 288.

Whatever power the city of Niagara Falls theretofore possessed to enact an ordinance respecting motor vehicles and their use on a public highway was expressly taken away by article 11 of the Highway Law (Laws of 1910, chap. 374), section 288 of which then provided and now provides that "local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation * * * in any way respecting motor vehicles or their speed upon or use of the public highway; and no ordinance, rule or regulation contrary to or in anywise inconsistent with the provisions of this article now in force or hereafter enacted shall have any effect" and an ordinance enacted pursuant to the power conferred by section 120 of the city charter (Laws of 1904, chap. 300), and providing that "A vehicle overtaking a street car stopped to take up or set down passengers shall come to a full stop at a distance at least ten feet from the point where passengers are being taken up and let down," is void for want of power in the local authorities to enact the same, and in contra-vention of section 286 of the Highway Law which provides: "In ap-proaching or passing a car of a street railway which has been stopped to allow passengers to alight or embark the operator of every motor vehicle shall slow down and if it be necessary for the safety of the public it shall bring such vehicle to a full stop."

Said ordinance is also inconsistent with said section 286 within the meaning of the words "in anywise inconsistent" as used in said section 288.

APPEAL from a judgment of the Police Court of the city of Niagara Falls convicting the defendant of a violation of section 12 of article 4 of chapter 18 of the ordinances of said city, which reads as follows: "A vehicle overtaking a street

car stopped to take up or set down passengers shall come to a full stop at a distance at least ten feet from the point where passengers are being taken up or let down."

*Ulysses S. Thomas,* for appellant.

*J. W. O'Brien, Assistant District Attorney,* for respondent.

Fish, J.:

The defendant while operating his automobile on one of the public streets of the city of Niagara Falls overtook a street car which had stopped to take up passengers and passed such car without stopping, in violation of the ordinance. It is claimed the local authorities had no power to enact the ordinance and that it is void as to motor vehicles on account of the provisions of the motor vehicles article of the Highway Law. The ordinance was adopted by the common council of the city of Niagara Falls on the 13th day of July, 1914, and it is important at the outset to ascertain just what were the powers of the common council respecting the enactment thereof, for a municipal corporation being the creation of the State possesses only such powers as are expressly granted, necessarily or fairly implied from powers expressly granted, or indispensable to the accomplishment of its declared objects and purposes. The city of Niagara Falls at the time existed under chapter 300 of the Laws of 1904, and section 120 thereof, which has remained unamended, reads as follows: "The legislative power of the city shall be vested in the common council thereof, and it shall have authority to enact ordinances and adopt resolutions not inconsistent with the laws of the State for the government of the city and the management and control of its business and real and personal property except as otherwise provided in this act, for the preservation of good order, peace and health, for the safety and welfare of its inhabitants and the protection and security of their property."

The common council, by virtue of this section, would have the power to enact the ordinance in question provided it was not inconsistent with the laws of the State; but subsequently to the enactment of said chapter 300 of the Laws of 1904 the Legislature enacted a motor vehicle law which at the time of the adoption of the ordinance in question was article 11 of the Highway Law as amended by chapter 374 of the Laws of 1910, and section 288 thereof, subject to certain provisions and exceptions not necessary here to consider, then provided, and now provides, as follows: " Local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation * * * in any * * * way respecting motor vehicles or their speed upon or use of the public highways; and no ordinance, rule or regulation contrary to or in anywise inconsistent with the provisions of this article, now in force or hereafter enacted, shall have any effect."

Also section 286 of said article then provided, and still provides, as follows: " In approaching or passing a car of a street railway which has been stopped to allow passengers to alight or embark, the operator of every motor vehicle shall slow down and if it be necessary for the safety of the public he shall bring said vehicle to a full stop."

Said chapter 374 of the Laws of 1910 also provides that all acts or parts of acts inconsistent with article 11 are expressly repealed.

This is an ordinance respecting motor vehicles and their use of a public highway and whatever power the common council of the city of Niagara Falls theretofore possessed to enact the same was expressly taken away by said chapter 374.

The only other power respecting the subject matter under consideration granted by the Legislature to the local authorities of the city of Niagara Falls which I have been able to discover is contained in article 2a of the General City Law which grants to a city (other than New York) power to preserve and care

for the safety, health, comfort and general welfare of its inhabitants and visitors thereto and to regulate the same by ordinance. This was enacted by the Legislature in the year 1913, but I do not believe that the Legislature intended by any such general words a repeal *pro tanto* of any of the provisions of said article 11 of the Highway Law. A repeal by implication is not favored by the law (Mongeon v. People, 55 N. Y. 606) and the two acts are not clearly repugnant.

In Dillon on Municipal Corporations (5th ed., § 630), it is said: " No implied power to pass by-laws and no express general grant of the power can authorize a by-law which conflicts with the statutes of the State."

The city of Niagara Falls became reorganized under chapter 530 of the Laws of 1916, but I find nothing therein affecting the power of the city to enact this ordinance or validating the same.

I am also of the opinion that the ordinance in question is inconsistent with that portion of section 286 of the Highway Law above quoted, within the meaning of the words " in anywise inconsistent " as used in said section 288.

The State has said that the operator of a motor vehicle in approaching or passing a street car stopping to allow passengers to alight or embark shall bring his vehicle to a full stop if necessary for the safety of the public, making the safety of the public the test as to whether he shall stop or not, while the ordinance imposes upon him the absolute duty to stop. I think it was the clear intention of the Legislature to enter this field of legislation exclusively and to establish a uniform system throughout the State regarding the regulation in certain respects and within certain limitations of the operation of motor vehicles now excepting therefrom, however, cities of the first class and certain cities of the second class.

In City of Buffalo v. Lewis (192 N. Y. 199), Judge CHASE said: " The opposition to such use (of street highways by motor

vehicles) has frequently found expression in local restrictive rules and ordinances. Such local rules and ordinances existing prior to the enactment of the Motor Vehicle Law were not only dissimilar and conflicting, but sometimes difficult to understand. The necessity for a uniform law throughout the State was apparent, and the Motor Vehicle Law was clearly designed as a new, complete and general enactment to take the place of all previous statutes, ordinances or rules relating to the use of motor vehicles upon the streets and highways of this State."

My conclusion is that the ordinance is void for want of power in the local authorities to enact same and for being in contravention of an exclusive State regulation.

Judgment reversed.