FRANK M. CAMPBELL, Plaintiff, *v.* JOSEPH M. QUIGLEY, Chief of Police of the City of Rochester, New York, Defendant.

Supreme Court, Monroe County, May 8, 1926.

**Municipal corporations — city of Rochester — ordinance passed by common council under charter (Laws of 1907, chap. 755, § 86) requiring bond by persons conducting taxicab business valid.**

An ordinance, passed by the common council of the city of Rochester under the authority of the city charter (Laws of 1907, chap. 755, § 86), requiring persons engaged in the taxicab business to file a bond conditioned for the payment to the city of all sums arising directly or indirectly from the conduct of the business and for the performance of all obligations imposed by or arising under the laws of the State or the ordinances of the city, is valid.

MOTION by the plaintiff for a temporary injunction restraining the defendant from interfering with him in the operation of a taxicab.

*Jacob Ark,* for the plaintiff.

*Clarence M. Platt, Corporation Counsel [Charle* B. Forsyth, Deputy Corporation Counsel,* of counsel], for the defendant.

CUNNINGHAM, J. The plaintiff is engaged in the taxicab business and has failed to comply with the provisions of an ordinance of the city of Rochester requiring him to file a bond in the sum of $500 " conditioned for the prompt payment to the city of all sums which shall be or become due or owing to the city of Rochester from the licensee, arising directly or indirectly from the conduct of the business for which a license is held, and for the performance by the licensee of all obligations imposed by or arising under the laws of the State of New York or the ordinances of the common council of the city of Rochester relating to such business, now or hereafter enacted." He has also failed to comply with another provision requiring him to file a bond in the sum of $50 " conditioned for the faithful observance of the laws of the State of New York and the ordinances of the common council of the city of Rochester, now or hereafter enacted."

He now seeks to restrain the defendant from interfering with him in the operation of his taxicab, claiming that such provisions of the ordinance of the city of Rochester are invalid.

The common council of the city of Rochester is authorized by the city charter " to regulate * * * the operation and speed of all vehicles upon the public streets, highways and places." (Laws of 1907, chap. 755, § 86, as amd. by Laws of 1921, chap. 292.) This empowers a city " to determine the extent to which others may do business in its streets." (*Browne* v. *City of New York,* 241 N. Y. 96, 125.)

The Highway Law (§ 288, added by Laws of 1910, chap. 374, as amd. by Laws of 1925, chap. 317) provides that " the power given to local authorities to license and regulate vehicles offered to the public for hire * * * shall remain in full force and effect."

This provision retains in municipalities the right granted to them by their charters to regulate the operation of vehicles offered to the public for hire. (*Yellow Taxicab Company* v. *Gaynor,* 82 Misc. 94, 110; affd., 159 App. Div. 893.)

Furthermore, another provision of section 288 of the Highway Law " relieves cities of the first class from the inhibition against the passage of special ordinances governing the operation of motor vehicles." (*People* v. *City of Buffalo,* 175 App. Div. 218, 223; affd., 220 N. Y. 715.)

The legislative body may properly pass regulations with respect to the operation of motor vehicles offered to the public for hire.

(*People* v. *Martin*, 203 App. Div. 423; affd., 235 N. Y. 550; *Packard* v. *Banton*, 264 U. S. 140, 144.)

The ordinance is presumed to be reasonable. (*City of Rochester* v. *Macauley-Fien M. Co.*, 199 N. Y. 207, 211.)

The motion is denied, with ten dollars costs to the defendant to abide the event of the action.