THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* E. A. JONES and Others, Defendants.

Third Department, November 11, 1926.

Highways — action by State to recover from justices of peace in town of Tonawanda, Erie county, fines collected between July 1, 1924, and November 21, 1925, as punishment for reckless driving of automobiles — defendants claim that moneys are payable to supervisor under General Highway Traffic Law, § 30, subd. 2 — General Highway Traffic Law, § 14, subd. 1, providing for punishment of crime of reckless driving, is superseded and repealed by Highway Law, § 287-b, added by Laws of 1924, chap. 360 — two sections are identical except as to punishment — last enactment controls and, therefore, fines must be disposed of as directed by Highway Law, § 291, subd. 1 — fines should have been transmitted to State Treasurer.

The defendants, who are justices of the peace of the town of Tonawanda, Erie county, should have transmitted to the State Treasurer fines collected by them between July 1, 1924, and November 1, 1925, in punishment of persons convicted of reckless driving of automobiles, and their contention that said fines were payable to the supervisor of the town under subdivision 2 of section 30

of the General Highway Traffic Law cannot be sustained, for subdivision 1 of section 14 of the General Highway Traffic Law, which provides for the punishment of the offense of reckless driving of automobiles, which was enacted in 1917, was superseded and repealed by section 287-b of the Highway Law, added by chapter 360 of the Laws of 1924, since the two sections are identical, except as to the punishment.

The crime of reckless driving was punishable during the period in question under section 287-b of the Highway Law, and, therefore, the fines should have been disposed of in the manner required by subdivision 1 of section 291 of the Highway Law by transmitting them to the State Treasurer.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Albert Ottinger*, Attorney-General [*John H. Machan*, Deputy Attorney-General, of counsel], for the plaintiff.

*Frank C. Moore*, for the defendants.

H. T. KELLOGG, J. This is a submission of controversy upon an agreed statement of facts. The defendants are justices of the peace of the town of Tonawanda in the county of Erie. It is agreed that the defendant Jones, as justice of the peace, between the 1st day of July, 1924, and the 21st day of November, 1925, imposed and collected fines, " for reckless driving of motor vehicles," in the sum of $3,340; that the defendant Seitz, between the same dates, imposed and collected fines for the same cause amounting to $3,445; that the defendant Eberhardt, between the same dates, imposed and collected fines for the same cause amounting to $3,145. The plaintiff, the People of the State of New York, claims that, under section 291 of the Highway Law, these moneys should have been paid over by the defendants to the Treasurer of the State of New York. The defendants claim that the moneys are payable to the supervisor of the town of Tonawanda to be expended for town purposes.

The General Highway Traffic Law, which was enacted by chapter 655 of the Laws of 1917, contains the following:

" § 14. Speed regulations. 1. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor and shall be punished by a fine not exceeding one hundred dollars for the first offense; and by a fine not exceeding one hundred dollars or imprisonment not exceeding six months or by both such fine and imprisonment in the discretion of the court for a second or subsequent offense."

Section 2 of the same law contains the following: " ' Reckless driving ' for the purpose of this chapter shall include driving or using a vehicle or street surface car or any appliance or accessory thereof in a manner which unnecessarily interferes with the free

and proper use of the highway, or unnecessarily endangers users of the highway."

The Highway Law was amended in 1924 by chapter 360 of the laws of that year and section 287-b was added thereto. The section reads as follows:

" § 287-b. Reckless driving. Reckless driving, for the purpose of this and the ensuing article, shall include driving or using any motor vehicle or motor cycle or any appliance or accessory thereof in a manner which unnecessarily interferes with the free and proper use of the public highway, or unnecessarily endangers users of the public highway. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor and shall be punished by a fine not exceeding fifty dollars for the first offense ; and by a fine not exceeding fifty dollars or imprisonment not exceeding six months, or by both such fine and imprisonment, in the discretion of the court, for a second or subsequent offense."

Thus the General Highway Traffic Law and the Highway Law, as they now read, contain almost identical provisions prohibiting reckless driving and providing for the punishment of any person guilty thereof. Reckless driving is defined in each law in similar if not identical words. The sole difference between the two laws is that under the General Highway Traffic Law reckless driving is punishable by a fine not exceeding $100 for the first offense and by a fine not exceeding $100 or imprisonment not exceeding six months, or by both, for a second offense; whereas under the Highway Law reckless driving is punishable by a fine not exceeding $50 for the first offense and by a fine not exceeding $50 or imprisonment not exceeding six months, or by both, for a second offense. Certainly two laws providing the one a greater and the other a lesser penalty for the same crime of reckless driving cannot coexist. Section 287-b of the Highway Law, adopted in the year 1924, therefore, must be held to have superseded section 14, subdivision 1, of the General Highway Traffic Law, adopted in the year 1917. We hold that the latter was abrogated by the former. Therefore, section 30, subdivision 2, of the General Highway Traffic Law, which provides that all fines, penalties and forfeitures collected under that law shall be paid to the city, town or village in which they are collected, does not apply to fines collected on account of the offense of " reckless driving." Therefore, section 291, subdivision 1, of the Highway Law (added as § 291, subd. 2, by Laws of 1910, chap. 374, renum. subd. 1 by Laws of 1916, chap. 577, as amd. by Laws of 1924, chap. 360), which provides that all fines collected because of violations of such law shall be paid to the

Treasurer of the State, does apply to this case since the violations for which the fines in question were collected constituted offenses under the Highway Law and not under the General Highway Traffic Law. The plaintiff is, therefore, entitled to the collections made.

Judgment should be directed for the plaintiff against the defendants for the sums of money agreed to have been collected by the defendants.

All concur.

Judgment directed for the plaintiff against the defendants for the amounts stated in the opinion, without costs.