THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JACOB STROHM and Others, Defendants.

Third Department, June 22, 1928.

*Albert Ottinger, Attorney-General [John H. Machan, Deputy Assistant Attorney-General,* of counsel], for the plaintiff.

*George T. Vandermeulen,* for the defendants.

WHITMYER, J. Defendants are justices of the peace of the town of West Seneca, Erie county, N. Y. Acting under section 1530 of the Penal Law, which relates to public nuisances, they imposed and collected fines, aggregating $2,706.50, for various violations of the Highway Law, between various dates, as follows: Defendant Strohm $300 between August 10, 1924, and December 12, 1925; defendant Vandercher $685 between August 1, 1924, and October 18, 1925; defendant Brown $625 between August 29, 1924, and September 19, 1925; and defendant Meininger $1,096.50 between August 21, 1922, and August 19, 1925. Plaintiff claims that such

fines should have been turned over to the State Treasurer pursuant to section 291 of the Highway Law. Defendants claim that they belong to the town. The informations in the various cases show that the violations consisted of such as reckless driving, driving after dark without lights, parking after dark without lights and operating automobiles without license. Article 11 of the Highway Law relates specifically to registration, numbering and regulation of motor vehicles and the licensing and regulation of chauffeurs and operators; to their use of public highways; to the accessories used and their incidents and speed; and to the punishment for violations of any provisions of the article. Section 281, formerly section 280, provides that the article shall be exclusively controlling as to said several matters, except as thereby otherwise expressly provided. Section 290 fixes the punishments for the various violations. And section 291 provides: " 1. On the first day of each month or within ten days thereafter, all fines, penalties or forfeitures collected for violations of any of the provisions of this article or of any act in relation to the use of the public highways by motor vehicles now in force or hereafter enacted, under the sentence or judgment of any court, judge, magistrate or other judicial officer having jurisdiction in the premises, shall be paid over by such court, judge, magistrate or other judicial officer to the Treasurer of the State, with a statement accompanying the same, setting forth the action or proceeding in which such moneys were collected, the name and residence of the defendant, the nature of the offense, and the fine, penalty, sentence or judgment imposed." Sections 300, 308 and 309, subdivision 2, of article 11-A, are similar sections, relating to motorcycles. Article 11 was added by Laws of 1910, chapter 374, and article 11-A by Laws of 1916, chapter 72. Each article was to be exclusively controlling except as in each otherwise expressly provided, among other things, in the matter of punishment for violations of any of the provisions thereof and the fines to be turned over were those to be imposed and collected for any such violations " or of any act in relation to the use of the public highways * * * now in force or hereafter enacted." Thus, it is clear that the provisions were to be exclusive except as otherwise expressly provided and it was not. However, the defendants assumed to act under section 1530 of the Penal Law, in an attempt to evade the provisions of the Highway Law. The section

relates to the crime of "public nuisance" and was passed long before the passage of articles 11 and 11-A of the Highway Law. Violations are misdemeanors, for which the punishment is not specifically prescribed (Penal Law, § 1532), so that section 1937 of the Penal Law applies and the punishment may be for not more than a year or by a fine of not more than $500 or by both. The limit is in excess of the jurisdiction of a justice of the peace and the punishment is inconsistent with that fixed by the Highway Law for the several violations. (*People* v. *Jones*, 218 App. Div. 443, 445.) The justices acted illegally and the fines imposed and collected by them are payable to the State.

Plaintiff is entitled to judgment accordingly.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur.

The court finds the facts as stipulated.

Judgment is directed for the plaintiff against the defendants for the amounts stated in the opinion, without interest and without costs.