THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF OSSINING, NEW YORK, a Municipal Corporation, Defendants.

First Department, June 30, 1933.

*Timothy F. Cohan, Deputy Assistant Attorney-General,* of counsel [*Henry Epstein, Solicitor General,* with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the plaintiff.

*A. W. Hendrickson, Corporation Counsel,* for the defendants.

MARTIN, J.  On the facts stipulated herein, we are asked to determine the right to the fines collected by the village of Ossining, N. Y., during the years 1924–1930, inclusive, imposed for violations of alleged ordinances of that village.  The State of New York, by virtue of the provisions of the Highway Law and Vehicle and Traffic Law, asserts a right to all of such fines.

The defendants are the president and trustees of the village of Ossining, N. Y.  During the seven years' period above mentioned, Irving N. Valentine was a police justice of the village corporation, and J. E. Sterrett and Vincent Fuller were assistant police justices thereof.  These justices assessed and collected in the respective courts over which they severally had jurisdiction the sum of $13,880 as fines, penalties and forfeitures for alleged violations of the village ordinances.  These fines, penalties and forfeitures were paid into the treasury of the village of Ossining and are set out in detail in three exhibits annexed to and made a part of the agreed statement of facts.

The defendants against whom the fines and penalties were assessed, and from whom they were collected, were not charged before the police justices with violations of the Highway Law or the Vehicle and Traffic Law of the State of New York, but were charged with violations of section 6 (subdivision 1) or section 9 (subdivisions 13 and 14) of the traffic ordinances of the village of Ossining, adopted by the board of trustees of that village on July 15, 1924, and made effective August 1, 1924.  The village ordinances relate to the operation of automobiles and all other vehicles on any public street or public place in the village, in a reckless or negligent manner, or in a manner dangerous to the life, limb or property of any person, and to the required display of lighted lamps upon motor vehicles, whether being operated upon or standing upon the streets or highways of the village.

The plaintiff contends that the offenses in question being in violation of the Highway Law or the Vehicle and Traffic Law of the State of New York, the violators should have been prosecuted under the State statutes.  The fact that the violators were not charged with violations of the State laws will not defeat the plaintiff's claim where there were such violations in fact, otherwise the failure to

obey the law would be rewarded by permitting the defendants to keep the fines.

The plaintiff also argues that the fines, penalties and forfeitures are payable to the State because of section 291 of the Highway Law and section 73 of the Vehicle and Traffic Law, expressly provides to that effect. The plaintiff says it is also entitled to interest on the unpaid fines from the time they were due and payable. That, therefore, the plaintiff should have judgment for the sum of $13,880, the amount of the fines collected and paid into the treasury of the village of Ossining, together with interest thereon from the dates when they should have been transmitted to the State Treasurer.

The defendants contend that chapter 667 of the Laws of 1910, which act created the village of Ossining as a municipal corporation, conferred upon the trustees of said village the power and authority to enact ordinances governing and regulating the use of motor vehicles on the public streets and highways within its bounds and granted to the Police Courts of the village jurisdiction over such offenses; that the ordinances hereinbefore set forth were duly enacted pursuant to the power so conferred on the trustees; that the several defendants were properly charged with violations of such local ordinances and the fines were legally paid by the police justices into the treasury of the village.

It is further argued that the Legislature intended that the village should have a voice in regulating the operation of motor vehicles in its jurisdiction, provided such regulation was not contrary to or inconsistent with the general laws; that the ordinances which plaintiff attacks were not contrary to or inconsistent with any of the provisions of the Highway Law and Vehicle and Traffic Law, and were, therefore, authorized under said laws and valid; that the plaintiff in this action cannot question the authority of the defendants to enact the ordinances in question. It is also claimed by the defendants that under section 291 of the Highway Law and section 73 of the Vehicle and Traffic Law the village of Ossining is entitled to retain one dollar of such fines for each inhabitant thereof; that under section 91 of the Vehicle and Traffic Law it was entitled to credit the amount of such fines, penalties and forfeitures to its general fund.

The defendants also claim that before the State may recover it must show a right of property in the fines sought to be recovered herein, and also a conversion by the defendants in refusing to turn the funds over to the State; that these elements are lacking in the present case, and the plaintiff is not, therefore, entitled to recover, that any possible recovery by plaintiff is limited to fines collected during the six years prior to the beginning of this action, and that

the plaintiff is not entitled to interest on any funds so recovered by it.

It appears from an examination of the record that the offenses charged against the several defendants for violation of the ordinances were (1) operating a motor vehicle without the required number of lights; (2) parking without the required number of lights; (3) driving at an excessive rate of speed; (4) reckless driving; (5) driving without a license; and (6) driving while intoxicated. All of these offenses appear to have been fully covered by the Highway Law or the Vehicle and Traffic Law

Section 281 of the Highway Law (as amd. by Laws of 1924, chap. 360), provided that " except as hereby otherwise expressly provided " the Highway Law shall be exclusively controlling, and section 10 of the Vehicle and Traffic Law provided that, " except as otherwise expressly provided in this chapter, this article shall be exclusively controlling."

Section 288 of the Highway Law provided that no ordinance, rule or regulation contrary to or in anywise inconsistent with the provisions of this article, then in force or thereafter enacted, should have any effect.

It seems obvious from an examination of these statutes that the very purpose of the uniform State law was to repeal existing ordinances inconsistent therewith and to prevent the enactment of ordinances or laws regulating rates of speed and setting forth certain acts as offenses in the cities, villages and towns of the State of New York. That purpose and intent is shown by the Highway Law which was made to apply to all sections of the State.

Section 288 of the Highway Law (as amd. by Laws of 1924, chap. 360), provided: " Except as herein otherwise provided, local authorities shall have no power to pass, *enforce* or maintain any ordinance, rule or regulation requiring from any owner, operator or chauffeur to whom this article is applicable any tax, fee, license or permit for the use of the public highways, or excluding any such owner, operator or chauffeur from the free use of such public highways, excepting such driveway, speedway or road as has been or may be expressly set apart by law for the exclusive use of horses and light carrages or in any other way respecting motor vehicles of their speed upon or use of the public highways; and no ordinance, rule or regulation contrary to or in any wise inconsistent with the provisions of this article, now in force or hereafter enacted, shall have any effect." (The word " respecting " was eliminated by chapter 367 of the Laws of 1927, and the word " restricting " was inserted in place thereof.)

The purpose of the above statute was to prevent the condition

which is now urged by the defendants as lawful, *i. e.,* the existence of two sets of enactments, under either of which there could be a prosecution for a violation of the provisions thereof. After this enactment, existing ordinances regulating automobile traffic were no longer enforcible.

The necessity for a uniform law throughout the State became apparent to those charged with the regulation of automobile traffic. Because of well-known abuses in the enforcement of ordinances the very purpose of the enactments was to give a new, complete and general law to take the place of all previous statues, ordinances or rules regulating the use of motor vehicles upon the streets and highways of this State. (*City of Buffalo* v. *Lewis,* 192 N. Y. 193.)

In *People* v. *Braun* (100 Misc. 343) the court said: " I think it was the clear intention of the Legislature to enter this field of legislation exclusively and to establish a uniform system throughout the State regarding the regulation in certain respects and within certain limitations of the operation of motor vehicles."

It seems to us, therefore, that the prosecutions which took place under the village ordinances should have been under the State Highway Law or the Vehicle and Traffic Law.

By section 291 of the Highway Law it was provided that all fines and penalties or forfeitures collected for violations of any of the provisions of this article or of any act in relation to the use of the public highways by motor vehicles now in force or hereafter enacted, under the sentence or judgment of any court, judge, magistrate or other judicial officer having jurisdiction in the premises, should be paid by such court, judge, magistrate or other judicial officer to the Treasurer of the State.

It may be that those convicted under the village ordinances had a good defense, or if appeals had been taken, might have been able to defeat such prosecutions, but that is not the question here under consideration.

In *People* v. *City of Buffalo* (175 App. Div. 218; affd., 220 N. Y. 715) the court said: " We are not here concerned with the question of the power of the defendant to enact the ordinances under which the fines, penalties and forfeitures have been collected. These present questions which were open to those who have paid the same, but are of no consequence here. The city of Buffalo has the money, and the question is presented whether this money belongs to the State of New York in such a sense that the defendant is guilty of conversion in refusing to turn it over to the State Treasurer."

The whole matter, therefore, resolves itself into the question whether the village may retain the fines, penalties and forfeitures

which have been collected for violations of the village ordinances, when the offenses should have been prosecuted under the State statutes.

In *People* v. *Jones* (218 App. Div. 443) the Appellate Division, Third Department, passed upon this subject. There the court held that the crime of reckless driving was punishable during the period in question under section 287-b of the Highway Law, and, therefore, the fines should have been disposed of in the manner required by subdivision 1 of section 291 of the Highway Law, by transmitting them to the State Treasurer.

In *People* v. *Strohm* (224 App. Div. 309) the court held that where the justices of the peace in a town assume to act under section 1530 of the Penal Law, and prosecute under that section, when the prosecution should have been under the State law, the fines collected should be turned over to the State Treasurer. The reason given was that the provisions of the Highway Law provided for the prosecution of such violations and were exclusive and required that such fines should be turned over to the State Treasurer. (See, also, *People* v. *Village of Pelham Manor*, 234 App. Div. 790.)

We are of the opinion that the Statute of Limitations has not run against any part of the claim (See Civ. Prac. Act, art. 76, §§ 1222, 1226), and that plaintiff is entitled to interest. In *People* v. *Klein* (235 App. Div. 641) the question of interest was the only question litigated. The court held that the plaintiff was entitled to interest from the time the money should have been paid to the State of New York.

We have reached the conclusion that the moneys collected by the village of Ossining for violations set forth in the record should have been paid to the State of New York, and that in accordance with the agreed statement of facts, the plaintiff is entitled to recover the sum of $13,880, with interest at the rate of six per cent per annum on the several items making up the said total claim from the respective dates when the sums were payable to the Treasurer of the State of New York, and with costs.

FINCH, P. J., MERRELL, O'MALLEY and GLENNON, JJ., concur.

Judgment directed for the plaintiff as indicated in opinion, with costs. Settle order on notice.