Herbert E. Hehioh, J.
This is an appeal from a judgment of the Police Justice’s Court of the Village of Nyack convicting the defendant of violating- subdivision 11 of section 43 of the ordinances of that village. This matter was finally submitted on December 7, 1960.
*443 The information alleges that the defendant violated the said provision by operating a motor vehicle in a southerly direction on North Highland Avenue, a public highway, and at High Avenue failing to stop and remain standing until the green light was displayed in the direction in which he was traveling. North Highland Avenue is also known as Route 9-W and is a State highway.
The defendant contends, among other things, that the provision in question is void and of no effect because its content is fully covered by the Vehicle and Traffic Law of the State of New York and that said provision is in conflict with and a duplication of said law. The defendant argues that if he violated any law, he should have been charged with violation of the Vehicle and Traffic Law and not of said ordinance.
The pertinent provision of the village ordinance (§ 43, subd. 11), apparently enacted a number of years ago, is as follows: “At all intersecting streets where traffic signals are maintained and operated, vehicles shall not proceed in any direction but must remain standing until the green signal is displayed in the direction in which the vehicle is headed or traveling.”
This field upon which the village has legislated was preempted by the State both in the former Highway Law and in the Vehicle and Traffic Law. The latest revision of the Vehicle and Traffic Law, effective October 1,1960, is not applicable here. Reference is made to the provisions governing traffic control devices set forth in sections 1110 and 1111, and to sections 54, 1600 and 2002 of the Vehicle and Traffic Law as it stood on June 19, 1960, the date of the alleged offense. Under title III of that statute, as added by chapter 698 of the Laws of 1957, Rules of the Road were incorporated, which were set forth in articles 12 through 21, and it was provided in section 1100 that the provisions of that title applied upon highways and upon private roads open to public motor vehicle traffic except where a different place should be specifically referred to in a given section. Attention is also directed to article 31 of that chapter providing for traffic-control devices conforming to the manual and specifications of the State Traffic Commission (§§ 1680, 1681, 1682).
It is apparent that the Legislature intended to enact a uniform law throughout the State regulating the use of motor vehicles upon the streets and highways of this State and this has been the holding of the courts as to the pertinent provisions of both the former Highway Law and the Vehicle and Traffic Law (prior to the enactment of chapter 698 of the Laws of 1957). (See, *444 e.g., People v. President, etc. of Vil. of Ossining, 238 App. Div. 684, affd. 264 N. Y. 574; People v. City of Hornell, 256 App. Div. 113, affd. 282 N. Y. 555.) (Section 54 of the Vehicle and Traffic Law was derived from former section 288 of the Highway Law.) In fact, the courts have held that after the enactment of these statutes, existing ordinances regulating traffic, inconsistent with such statutes, were no longer enf orcible. (See People v. President, etc. of Vil. of Ossining, supra; People v. City of Hornell, supra; People v. Bedell, 251 N. Y. 415; People v. City of Buffalo, 152 Misc. 375; People v. Marcello, 25 N. Y. S. 2d 533.) Similar views have been expressed by the State departments. (See 1955 Atty. Gen. 242; 1942 Atty. Gen. 148; 2 Op. St. Comp. 37.)
Article 22 of title IV of chapter 698 of the Laws of 1957 provided for uniform State-wide application, section 1600 thereof setting forth the specific language therefor. The purpose of uniformity intended by this chapter was indicated in Counihan v. Werbelovsky’s Sons (5 A D 2d 80, n., p. 82).
It, therefore, appears from examination of the statutes and the decisions that municipalities or local authorities, unless expressly authorized, may not enact or attempt to enforce rules or regulations for the control of motor vehicles that are in conflict with or a duplication of the provisions set forth in the Vehicle and Traffic Law. The claim of the People that the provision here involved comes within the “ saving clauses ” of section 2002 of the Vehicle and Traffic Law (which section, with certain exceptions, is applicable to ordinances which do not conflict with the provisions of that law) is, in the opinion of this court, without merit. The provision in question seems to conflict with section 1111 of the Vehicle and Traffic Law but in any event certainly violates sections 54 and 1600 thereof.
Section 1640 (subd. [a], par. 11) of the Vehicle and Traffic Law does not operate to permit inconsistency or duplication in the face of sections 54 and 1600 thereof, and should not be so construed as to constitute an exception thereto. It must be read in relation to the limitations of the other sections of the statute. Consistency of purpose and meaning of the various statutory provisions should be given effect whenever possible. Section 1640 (subd. [a], par. 11) might well be interpreted to apply to the power to install and maintain traffic-control signals rather than to the power to prescribe the legal consequences attending their operation, said latter power being reserved to the State. In any event, the authority of a village under that section is subject to the limitations imposed by section 1684 of the Vehicle and Traffic Law.
*445 It will be noted that the first two paragraphs of section 54 of the Vehicle and Traffic Law, the first of which is pertinent here, were retained in the statute when it was amended by chapter 698 of the Laws of 1957 and were re-enacted without change as section 1604 of that statute as revised by chapter 775 of the Laws of 1959, effective October 1, 1960.
Under the statute (as amd. by L. 1957, ch. 698) provisions were made granting to certain public authorities and commissions and to cities having a population in excess of one million authorization to enact ordinances which should supersede the provisions of the statute where inconsistent or in conflict with respect to certain enumerated subjects. (Vehicle and Traffic Law, §§ 1630, 1631, 1642, referred to in § 2002, subd. [c] thereof.) The court fails to find an express declaration of the Legislature to abandon its previous purpose as expressed in the Vehicle and Traffic Law (prior to the enactment of L. 1957, ch. 698) and as previously found by the courts, namely, to repeal existing ordinances in conflict therewith and to prevent the existence of two sets of enactments, under either of which there could be a prosecution for violation of the provisions thereof. (People v. President etc. of Vil. of Ossining, 238 App. Div. 684, affd. 264 N. Y. 574, supra.) In fact, the Legislature has failed to incorporate in section 1640 of the Vehicle and Traffic Law a provision, in so many words, authorizing a village to enact a superseding ordinance, nor is section 1640 one of the sections mentioned in subdivision (c) of section 2002.
The court concludes that the provision of the ordinance in question is in conflict with and a duplication of the Vehicle and Traffic Law and that the prosecution of the defendant should have been under the Vehicle and Traffic Law rather than under the village ordinance.
In view of the court’s foregoing determination, the other alleged errors and contentions urged on this appeal need not be considered. The judgment of conviction is reversed, the information dismissed and the fine remitted.