John P. Cohalan, Jr., J.
The parties have submitted this action which seeks declaratory judgment upon a stipulation as to items of evidence. Plaintiffs seek a judgment declaring an ordinance adopted by the defendant, Incorporated Village of Port Jefferson (Village), to be invalid and request a judgment which would prohibit the enforcement of the ordinance. Motion of defendant Village to dismiss the complaint was denied pursuant to decision of the undersigned dated December 29, 1964. That determination was affirmed by the Appellate Division of this court as to the plaintiffs McLain Dock & Stone Co. Inc. and New York Trap Bock Corporation. The complaint was dismissed as to the *430 codefendants Davis Industries, Inc. and Adco, Inc., pursuant to order dated April 4, 1966. See, in McLain Dock & Stone Co. v. Incorporated Vil. of Port Jefferson (25 A D 2d 755): “ Plaintiffs brought this action for a declaratory judgment, alleging that the ordinance is unconstitutional and adopted by the defendant village without statutory authority. Plaintiffs McLain Dock & Stone Co., Inc., and New York Trap Bock Corporation alleged that they are in the business of selling, buying And transporting by motor vehicles sand, stone and gravel from property they own or lease in defendant village, that the ordinance is invalid, illegal, unconstitutional and discriminatory against each of said plaintiffs and the businesses conducted by them and that each of them is aggrieved thereby. As to these plaintiffs the complaint states a justifiable issue and Special Term correctly held that as a matter of law the pleading should not be dismissed as to them. (Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690). ’ ’
The ordinance, the .subject of the action, is known as “ Ordinance 24, Licensing of Materials Transport”. The ordinance requires the payment of an annual fee of $10 for each vehicle engaged in the transportation work and business of transporting sand, stone and gravel along the streets of the Village and provides that anyone who violates the ordinance shall be fined a sum not in excess of $100. The ordinance further requires a license for each truck so engaged and that each violation of the ordinance shall constitute disorderly conduct and each person violating the same shall be a disorderly person. The Village contends that it is empowered to enact such ordinance pursuant to subdivision 52 of .section 89 of the Village Law. That section provides for licensing of occupations, including truckmen, public cartmen and expressmen. There appears to be no specific authorization in the Village Law for licensing of motor vehicles engaged in the transportation of sand, stone, etc.
Plaintiff contends that this ordinance violates section 1604 of the Vehicle and Traffic Law. This section limits the power of local authorities to enact ordinances limiting the use of public highways within the geographic limits of the municipality, except as the same relate- to vehicles offered to the public for hire and to processions, assemblages or parades in the streets or public places.
Plaintiffs also contend that the ordinance interferes with interstate commerce provisions and imposes an unauthorized burden thereon.
The record shows that sand, stone and gravel are caused to be brought to Port Jefferson Harbor by the plaintiffs, McLain *431 Dock & Stone Co., Inc., and New York Trap Bock Corp. It is then unloaded from the barges and removed to automobile trucks of the plaintiffs and is then carried to various purchasers or users within the Counties of Nassau and Suffolk. It is contended by plaintiffs that if the defendant Village can require permits for each of the vehicles of plaintiffs that proceed with sand or gravel through or along the streets of Port Jefferson Village, then every municipality, village, town, city or county, may likewise require a permit for each motor vehicle proceeding through their specific area with the load of sand, stone or gravel. It is conceivable that one truck may be required to have in excess of 10 local community permits before it can bring a load of sand and gravel to a particular consumer or user of the plaintiffs. It may be assumed that the Legislature in limiting the power of local authorities to require licenses or permits for motor vehicles going through their particular domain had this very problem in mind and sought, by section 1604 of the Vehicle and Traffic Law, to limit the power of the municipality in such respect. The power to license a business operation should not be confused with the power to enact a local ordinance to license the operation of the motor vehicles of plaintiffs. See 9 McQuillin, Municipal Corporations ([3d ed.], § 26.165, pp. 431, 432) : “ Power to license trades, professions and businesses has been construed as authorizing the licensing of vehicles for hire. But it has been ruled that a grant of power is necessary in order to authorize a municipality to impose a license tax on such vehicles, and a general grant of licensing power following specified subjects of licensing has been construed as not containing such authorization. Moreover, municipal licensing of commercial vehicles and motor carriers must be in conformity with governing state law ”; and at page 433:
1 ‘ Power to impose a license tax on vehicles used or let for hire does not authorize the imposition of such tax on vehicles used by the owner in delivering goods to his customers. Nor is an ordinance imposing a license requirement on vehicles for hire applicable as a rule to vehicles employed in a business for delivery of the products of that business or for a similar purpose.”
In People v. Grant (306 N. Y. 258, 260) it was determined local governing boards have no power to adopt ordinances relating to use of streets unless specifically so empowered by the statute. In that case, Judge Van Voorhis speaking for the unanimous court stated (pp. 260-261): “ It signifies that streets are subject exclusively to regulation and control by the State as sovereign, except to the extent that the Legislature delegates *432 power over them to political subdivisions and municipal corporations. In this context, local governing boards are vested only with such powers as are conferred upon them by statute (Wells v. Town of Salina, 119 N. Y. 280).” (Also, see Town of Huntington v. Foster, 219 N. Y. S. 2d 220, 224.)
The effect of the ordinance in question seeks to limit and control the operation of motor vehicles other than vehicles offered for public hire, etc., and is contrary to the provisions of section 1604 of the Vehicle and Traffic Law. “ The power of a municipality to regulate motor vehicles is subject to constitutional restrictions or limitations, and may be either prohibited or abridged by general statutes covering the same subject matter”. (60 C. J. S., Motor Vehicles, § 14, p. 181; Sperling v. Valentine, 176 Misc. 826; 4 N. Y. Jur., Automobiles, § 14, pp. 29-30; People v. President & Trustees of Vil. of Ossining, 238 App. Div. 684, affd. 264 N. Y. 574.) At page 688 the following is in point: “ The necessity for a uniform law throughout the State became apparent to those charged with the regulation of automobile traffic. Because of well-known abuses in the enforcement of ordinances the very purpose of the enactments was to give a new, complete and general law to take the place of all previous statutes, ordinances or rules regulating the use of motor vehicles upon the streets and highways of this State. (City of Buffalo v. Lewis, 192 N. Y. 193.) ”
People v. City of Hornell (8 N. Y. S. 2d 976, affd. 256 App. Div. 113, affd. 282 N. Y. 555) stated the following at page 978: “ Obviously the plain purpose and intention of these statutes was to formulate a uniform law throughout the State, to take the place of all previous statutes, ordinances or rules regulating the use of motor vehicles upon the streets and highways of this State. City of Buffalo v. Lewis, 192 N. Y. 193; People v. Braun, 100 Misc. 343; People v. President & Trustees of Village of Ossining, 238 App. Div. 684”. (Also, see People v. Marcello, 25 N. Y. S. 2d 533, 545.)
The ordinance also subjects traffic in interstate commerce to intrusions and limitations, particularly to the extent that it does prohibit the transportation of sand, stone and gravel by the plaintiffs to their customers, the shipment of the merchandise from Connecticut, and the transportation by motor vehicle from Port Jefferson Harbor through the streets of the Village to customers on Long Island. (See People v. Horton Motor Lines, 281 N. Y. 196, 203.)
The relief sought in the complaint is accordingly granted, without costs.