Guy W. Germano, Esq. Assistant Town Attorney, Islip
This reply is submitted in answer to your inquiry by letter dated August 9, 1979 wherein you requested a legal opinion on the question of whether section 1225-a of the Vehicle and Traffic Law applies to bicycles.
Section 1225-a of the Vehicle and Traffic Law prohibits driving a motor vehicle on or across a sidewalk except under certain limited conditions as set forth therein. Section 1231 of that law provides that the operation of bicycles is subject to all the duties of a driver of a vehicle. You also state that the Town of Islip has enacted an ordinance (4-5B) that permits the operation of a bicycle on sidewalks provided that they give the right of way to pedestrians. Your inquiry is directed at whether there is a conflict between your ordinance of 4-5B and section 1225-a of the Vehicle and Traffic Law.
It is permissible for a town to enact an ordinance regulating the use of bicycles (Highway Law, § 316; General Municipal Law, §180). The Vehicle and Traffic Law was enacted to regulate the use and operation of motor vehicles upon the State's highways (L 1929, ch 54 amended L 1959, ch 775). Municipalities or local authorities, unless expressly authorized, may not enact or attempt to enforce ordinances, rules or regulations for the control of motor vehicles that are in conflict with the provisions of a state law such as the Vehicle and Traffic Law (Peo. of the State of New York v Scanlan, 27 Misc.2d 442, 444
[1961]; 1961 Op Atty Gen 220).
The Vehicle and Traffic Law prohibits the operation of a motor vehicle upon a sidewalk except as it is limited in section 1225-a. Section 125 of that law defines motor vehicle as:
 "Every vehicle operated or driven upon a public highway which is propelled by any power other than muscular power, except (a) electrically-driven invalid chairs being operated or driven by an invalid, (b) vehicles which run only upon rails or tracks, and (c) snowmobiles as defined in article forty-seven of this chapter. * * *"
A bicycle, defined in section 102, is not a "motor vehicle" included in section 125.
In a former opinion of the Attorney General (1968 Op Atty Gen 69) it was held that the town board is empowered to regulate the operation of bicycles on town sidewalks and that a bicycle may be operated on town sidewalks in the absence of such regulations or ordinances subject to the provisions of the Vehicle and Traffic Law. Section 1225-a of that law was enacted to specifically prohibit the operation of a motor vehicle on a sidewalk (Memoranda, Bill Jacket L 1974, ch 222). Had the Legislature intended to prohibit the operation of bicycles on sidewalks it would have used the broader term "vehicle" rather than the limited term "motor vehicle".
The operation of a bicycle on a sidewalk pursuant to the Town of Islip ordinance would not be in violation of section 1225-a of the Vehicle and Traffic law, which is only applicable to motor vehicles.