WILLIAM PAVLICK, Plaintiff, *v.* DEPARTMENT OF AGRICULTURE AND MARKETS OF THE STATE OF NEW YORK; PETER G. TEN EYCK, as Commissioner of the Department of Agriculture and Markets of the State of New York; and JOHN R. REIDY, as an Inspector and/or Deputy of the Department of Agriculture and Markets of the State of New York, Defendants.

Supreme Court, Special Term, Broome County, July 8, 1937.

*Mangan & Mangan* and *Harry S. Travis,* for the plaintiff.

*John J. Bennett, Jr., Attorney-General; Henry Epstein, Solicitor-General; Milo R. Kniffen, Counsel to Department of Agriculture and Markets* [*Robert G. Blabey, Assistant Counsel,* of counsel], for the defendants.

McNAUGHT, J. The action is brought by the plaintiff to secure a declaratory judgment declaring section 197-g of the Agriculture and Markets Law unconstitutional and void, and for a permanent injunction restraining the defendants from the enforcement of such section. The plaintiff makes a motion for an injunction *pendente lite*.

The defendant make cross-motions to dismiss the complaint.

The motions came on to be heard in the first instance at the Special Term held in the county of Broome on March 19, 1937. Such motion was adjourned and subsequently defendants served notice of motion to dismiss the complaint, returnable at chambers in the village of Stamford, March 27, 1937. No question has been raised that such motion could not be noticed for a Special Term at chambers.

The motions of the respective parties were finally submitted April 10, 1937.

Owing to continuous Trial Terms, the court has had no opportunity to consider the motion until this time.

Section 197-g of article 16-A of the Agriculture and Markets Law was added to said article 16-A by Laws of 1936, chapter 546, in effect May 15, 1936. The entire article relates to the weighing and selling of coal, coke and charcoal. Section 197-g, as in effect when the action was brought, prescribed certain conditions to be observed when anthracite coal was brought into the State of New York by truck. This particular section is the one which plaintiff seeks in this action to have adjudged and decreed unconstitutional and void.

As expressed by this court in *Connelly* v. *Department of Agriculture and Markets* (162 Misc. 73), the enactment involved contained provisions which unquestionably raised grave constitutional questions.

Chapter 579 of the Laws of 1937, in effect May 23, 1937, materially altered the provisions of article 16-A of the Agriculture and Markets Law. The statute as in effect at the time the action was brought has ceased to be the law of the State of New York. The conditions and restrictions in reference to the transportation of anthracite by truck in the State of New York have been materially changed.

It is well established that courts are not to anticipate and decide questions as to the constitutionality of statutes before they are before the court in a form to necessitate determination. The issues joined herein relate solely to a statute which now has no force or effect. It would manifestly be a *brutum fulmen* to pass upon the constitutionality of a statute that has ceased to be law.

The relief sought by the complaint could not be granted. Courts do not restrain the enforcement of statutes that are not in existence.

It necessarily follows that no injunction *pendente lite* could be granted.

The principles stated do not require the citation of authority.

The motion of the plaintiff for an injunction *pendente lite* is denied without costs.

The motion of the defendants to dismiss the complaint is granted, without costs, upon the ground that the complaint now fails to state a cause of action, as it seeks to enjoin the enforcement and to secure a declaratory judgment of unconstitutionality as to a statute that by legislation has ceased to exist.

Submit orders accordingly.