JACOB RUEFFER et al., Respondents, *v.* DEPARTMENT OF AGRICULTURE AND MARKETS OF THE STATE OF NEW YORK et al., Appellants.

Argued October 12, 1938; decided October 25, 1938.

*John J. Bennett, Jr.,* Attorney-General (*Robert G. Blabey* and *Henry Epstein* of counsel), and *Milo R. Kniffen* for appellants. The statute (Agriculture & Markets Law, Cons. Laws, ch. 69, art. 16-A, as amd. L. 1937, ch. 579) applies to interstate truckers and since the plaintiffs are trucking coal into the State for sale within the State it applies to them. (*Connelly* v. *Department of Agriculture & Markets,* 162 Misc. Rep. 73; *Pavlick* v. *Department of Agriculture & Markets,* 164 Misc. Rep. 42; *Koehler* v. *Department of Agriculture & Markets,* 164 Misc. Rep. 44; *Bullock* v. *Cooley,* 225 N. Y. 566; *Town of Amherst* v. *County of Erie,* 260 N. Y. 361; *United States* v. *Falk & Bro.,* 204 U. S. 143; *United States* v. *Safety Car Heating & Lighting Co.,* 297 U. S. 88.) The last sentence of the separability clause (L. 1937, ch. 579, § 8) does not suspend the operation of the statutory provisions respecting interstate truckers. (*South Carolina State Highway Dept.* v. *Barnwell Bros., Inc.,* 303 U. S. 177; *Kelly* v. *Washington,* 302 U. S. 1.)

*Walter Gordon Merritt* and *Robert R. Bruce* for New York State Retail Solid Fuel Merchants' Association, Inc., *amicus curiæ.* Section 8 of chapter 579 of the Laws of 1937 does not suspend the operation of the substantive provisions of article 16-A with respect to interstate truckers of coal, but on the contrary indicates that those provisions are applicable to interstate truckers to the extent permissible under the Federal Constitution and laws. (*Rohrer* v. *Milk Control Board,* 322 Penn. St. 257; *South Carolina State Highway Dept.* v. *Barnwell Bros., Inc.,* 303 U. S. 177; *Kelly* v. *Washington,* 302 U. S. 1; *Mintz* v. *Baldwin,* 289 U. S. 346; *Reid* v. *Colorado,* 187 U. S. 137.) The Legislature has the power to adopt inspection laws applicable to persons hauling coal in interstate commerce; and it is, therefore, an unreasonable construction of the statute to say that the

Legislature intended those provisions to become operative only when Congress passed an enabling act. (*Patapsco Guano Co.* v. *North Carolina Board of Agriculture*, 171 U. S. 345; *New Mexico* v. *Denver & Rio Grande R. R. Co.*, 203 U. S. 38; *Pure Oil Co.* v. *State of Minnesota*, 248 U. S. 158; *Mintz* v. *Baldwin*, 289 U. S. 346; *Merchants Exchange* v. *State of Missouri*, 248 U. S. 365; *Asbell* v. *Kansas*, 209 U. S. 251; *Reid* v. *Colorado*, 187 U. S. 137.)

*Harry S. Travis* for respondents. Article 16-A of the Agriculture and Markets Law in so far as the same was applied to interstate transportation of coal was an illegal application of the law. (*New State Ice Co.* v. *Liebmann*, 285 U. S. 262; *People* v. *Buffalo Fish Co.*, 164 N. Y. 93; *People* v. *Bootman*, 180 N. Y. 1; *People* v. *Fargo*, 137 App. Div. 727; *Michigan Public Utilities Comm.* v. *Duke*, 266 U. S. 570; *People* v. *Ringe*, 197 N. Y. 143.)

CRANE, Ch. J. Article 16-A of the Agriculture and Markets Law (Cons. Laws, ch. 69) provides for the weighing and selling of coal, coke and charcoal. Section 197-a reads as follows:

" § 197-a. Sale of coal and coke. Coal and coke shall be sold by weight. No person shall sell or deliver, or attempt to sell or deliver, or offer to sell or deliver, or start out for delivery less than two thousand pounds by weight to the ton of coal or coke, or a proper proportion thereof in quantities less than a ton, and such coal or coke shall be duly weighed by a licensed weighmaster of the state of New York, on stationary scales, suitable for weighing the tare and gross weights of the vehicles transporting the coal or coke, located in the state of New York which have been tested and sealed by the official charged with such testing. A tolerance at the rate of thirty pounds to the ton shall be allowed for unavoidable wastage and unavoidable variation in scales."

No delivery of coal is permitted without each lot being accompanied by a weight ticket of a licensed weighmaster

of the State of New York, giving the name and address of the purchaser, the seller and the date when weighed, and the full signature of the licensed weighmaster by whom weighed.

Section 197-g is as follows: " Every driver of a motor truck bringing coal or coke into the state of New York from outside the state of New York for sale and delivery within the state, shall upon entering the state, proceed forthwith, before delivery of the load of coal or coke, to the nearest available stationary scales suitable for weighing the tare and gross weights of the vehicle, to the place or places of each delivery, to have the coal or coke weighed by a duly licensed weighmaster in accordance with the requirements of this article."

A certificate of origin containing certain specified information must also be filed for coal brought into the State by motor truck.

By the Laws of 1937, chapter 579, section 8, in effect May 23, 1937, the following was added to this law: " If any clause, sentence, paragraph or part of such sections, as amended or added, as the case may be, by this act shall for any reason be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, or part thereof, directly involved in the controversy in which such judgment shall have been rendered. No provision of such sections shall apply or be construed to apply to foreign or interstate commerce, except in so far as the same may be effective pursuant to the United States constitution and to the laws of the United States enacted pursuant hereto."

The plaintiffs are engaged in interstate commerce, hauling coal from the State of Pennsylvania into this State, and the plaintiff Rueffer has been granted an interstate carrier's license by the Interstate Commerce Commission. They have brought this action to enjoin the

Commissioner of Agriculture and Markets from enforcing this law as contained in article 16-A, upon the sole ground that it is not applicable to the plaintiffs for the reason that it has not been made effective, pursuant to the United States Constitution, or by any act of Congress. The lower courts have sustained them in this interpretation of the act, the Appellate Division by a divided court. The constitutionality of the act, that is, whether it is an unlawful interference with interstate commerce, is not questioned or involved on this appeal.

That the State may, under the police power, enforce certain rules and regulations governing the entrance of goods and merchandise into the State, is well established. Inspection of the goods or merchandise to ascertain its kind, quality or weight has frequently been provided for, and rules and regulations are sustained until such time as Congress may act in the matter and supersede them by more uniform laws. If the regulations prescribed by the State are unreasonable or undue interference with interstate commerce, then, of course, they become illegal. Therefore, these provisions of this act, providing for the inspection of coal entering the State to insure its correct weight, and the other matters required, until shown to be unreasonable and without the police power, are lawful requirements. (*Kelly* v. *Washington ex rel. Foss Co.,* 302 U. S. 1; *South Carolina State Highway Dept.* v. *Barnwell Brothers, Inc.,* 303 U. S. 177.) That they are reasonable is not questioned upon this appeal, and the matter is not before us for decision.

We place a different interpretation upon chapter 579 of the Laws of 1937 than has been given by the other courts. The Department of Agriculture has heretofore construed this statute as applicable to interstate truckers, as evidenced by the following cases: *Connelly* v. *Department of Agriculture & Markets* ([1937] 162 Misc. Rep. 73); *Pavlick* v. *Department of Agriculture & Markets* ([1937] 164 Misc. Rep. 42); *Koehler* v. *Department of Agriculture*

& *Markets* ([1937] 164 Misc. Rep. 44); and under date of October 21, 1936, the Attorney-General delivered an opinion that it applied to coal entering the State of New York by motor trucks (1936 Opinions of Attorney-General, p. 265). When, therefore, the Legislature passed this act of 1937, containing the matter in question, it had before it not only the practice but the interpretation of the law. It is clear that the intention was to have it apply to coal coming by trucks over the border; in fact, the act says so distinctly. Many of its provisions would be meaningless unless it were so interpreted.

This new provision of 1937 was an expression of an intention upon the part of the Legislature not to interfere in any way with the plaintiffs' constitutional rights; that the act was to apply only in so far as it was legal under the Constitution and acts of Congress; that it was a regulation within the police power of the State, having no effect at all if it were contrary to the laws of Congress, or an unreasonable interference with interstate commerce. The words are, " No provision of such sections shall apply or be construed to apply to foreign or interstate commerce, except in so far as the same may be effective pursuant to the United States constitution  *  *  *." This, indeed, is plain, for it is not to be assumed that the United States Constitution was thereafter to be changed to meet the State law. The other words, " and to the laws of the United States enacted pursuant hereto," have the same meaning. The law shall not be construed to apply if it is in conflict with an act of Congress. The Legislature did not expect that Congress would pass a law giving validity to a State law.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.