THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACOB RUEFFER, Appellant.

Submitted November 28, 1938; decided January 10, 1939.

*Harry S. Travis* for appellant. Section 197-f of the Agriculture and Markets Law (Cons. Laws, ch. 69) is not applicable to interstate carriers. (*Rueffer* v. *Department of Agriculture & Markets*, 254 App. Div. 388; *New State Ice Co.* v. *Liebmann*, 285 U. S. 262; *People* v. *Buffalo Fish Co.*, 164 N. Y. 83; *People* v. *Bootman*, 180 N. Y. 1; *People* v. *Fargo*, 137 App. Div. 727; *Michigan Public Utilities* v. *Duke*, 266 U. S. 570.) Section 197-f of the statute is invalid. (*People* v. *Visconti*, 234 N. Y. 165; *People* v. *Maillard, Inc.*, 192 App. Div. 201; *People* v. *Ringe*, 197 N. Y. 143.)

*Daniel J. McAvoy, District Attorney,* for respondent. Section 197-f of the Agriculture and Markets Law is applicable to interstate carriers. (*Kelly* v. *State of Washington*, 302 U. S. 1; *Rueffer* v. *Department of Agriculture & Markets*, 254 App. Div. 388.) Section 197-fc of the statute is constitutional and a valid exercise of the police powers of the State. (*Boston & Maine R. R. Co.* v. *Armburg*, 285 U. S. 234; *Missouri* v. *Kansas Natural Gas Co.*, 265 U. S. 298; *Minnesota Rate Cases*, 230 U. S. 352; *Duncan* v. *Missouri*, 152 U. S. 377; *Caldwell* v. *Texas*, 137 U. S. 692.) The penal section, 197-j of article 16-A, is valid and constitutional. (*People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190; *People ex rel. Frank* v. *McCann*, 253 N. Y. 221.)

O'BRIEN, J. The information upon which defendant was tried and convicted alleges that, in transporting coal upon a truck, defendant failed to display upon the vehicle the name of the owner and the word " coal." These facts were proved and they constitute a violation of section 197-f of the Agriculture and Markets Law (Cons. Laws, ch. 69) which provides: " All vehicles used in the transportation of coal or coke shall have conspicuously marked with permanent letters on the exterior of the right and left side thereof, in plain view and easily discernible, the name of the owner, together with the words coal and/or coke. The letters of the words coal and/or coke shall be at least seven inches in height and not less than one-half inch in width."

This case was tried without a jury and appellant urges that that part of the statute which attempts to deprive him of a jury trial is unconstitutional. Section 41 provides that violation of any part of the statute constitutes a misdemeanor and section 197-j provides that any Court of Special Sessions or any Police Court having jurisdiction shall have jurisdiction to try without a jury. These sections of the statute are constitutional. (N. Y. Const. art. VI, § 18; *People ex rel. Frank* v. *McCann*, 253 N. Y. 221, 226.)

Appellant stresses the point also that section 197-f is not applicable to interstate carriers. The parties stipulated at the trial that the coal involved in this case was loaded in Pennsylvania and transported into New York. At the time of the transportation of this coal, the statute, as amended by chapter 579 of the Laws of 1937, section 8, was in effect. It provides in part: " No provision of such sections shall apply or be construed to apply to foreign or interstate commerce, except in so far as the same may be effective pursuant to the United States Constitution and to the laws of the United States enacted pursuant hereto " [thereto]. We have recently decided in *Rueffer* v. *Dept. of Agriculture & Markets* (279 N. Y. 16, 21) that this statute shall not be construed to apply *if it is in conflict with an act*

*of Congress.* In the Chief Judge's opinion in that case occurs this observation in relation to the statute: " It is clear that the intention was to have it apply to coal coming by trucks over the border." That intention shall continue to prevail and remain effective until such a time as Congress may occupy this field of legislation and enact contrary provisions. The enactment by which the signs must be inscribed on the trucks cannot be held to be outside the police power. If the Legislature was informed of the practice of transporting " bootleg " or stolen coal from Pennsylvania to New York, surely the circumstances are such as to support an exercise of the police power. The fact that interstate commerce may be indirectly or incidentally involved does not deprive a State of that right. (*Minnesota Rate Cases,* 230 U. S. 352; *Boston & Maine Railroad* v. *Armburg,* 285 U. S. 234, 238; *Kelly* v. *State of Washington,* 302 U. S. 1, 7; *Board of Hudson River Reg. District* v. *F., J. & G. R. R. Co.,* 249 N. Y. 445, 456.)

The judgment should be affirmed.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Judgment affirmed.