THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of EDWARD MARQUARDT, Complainant, *v.* DOMINICK ADDUCI, Defendant.

City Magistrates' Court of New York, Municipal Term, Borough of Manhattan, June 13, 1941.

*William C. Chanler, Corporation Counsel [Charles C. Weinstein and Joseph Frasca of counsel], for the complainant.*

*H. Willard Griffiths,* for the defendant.

ROTHENBERG, C. M. The defendant is charged with violating subdivision b of section B36–29.0, of the Administrative Code of the City of New York, in that he transported solid fuel or coal on the public streets of the city of New York without a solid fuel vehicle license required by the municipality.

This statute was enacted after considerable investigation of coal shipments originating at points outside of, but close to, the city of New York, which revealed practices of theft and fraud upon the public. Defendant asserts that the statute in question, by exacting a license fee, is unconstitutional and invalid because it is an unlawful interference with interstate traffic, since the evidence discloses that the shipment originated at a point outside of the State of New York and was destined to a point other than the city of New York. Defendant further contends that the statute is invalid because it is in conflict with section 54 of the Vehicle and Traffic Law, which prohibits any municipality in the State from legislating on the same subject to the same end.

Statutes aimed at prevention of crimes and frauds, and designed to promote the public welfare, have repeatedly been held to be within the legitimate exercise of the police power. (*People v. Perretta,* 253 N. Y. 305; *Nebbia v. New York,* 291 U. S. 502; *Fougera & Co. v. City of New York,* 224 N. Y. 269.) The fact that interstate

commerce may be indirectly or incidentally involved, does not deprive the State of the right.

A statute similar to the one at bar came for interpretation before the Supreme Court of the United States in the case of *New Mexico ex rel. McLean & Co.* v. *Denver & Rio Grande R. R. Co.* (203 U. S. 38). In sustaining the constitutionality of the statute the court said: " We see no reason why an inspection law which has for its purpose the protection of the community against fraud and the promotion of the welfare of the people cannot be passed in the exercise of the police power, when the legislation tends to subserve the purpose in view. In the Territory of New Mexico, and other parts of the country similarly situated, it is highly essential to protect large numbers of people against criminal aggression * * *. The exercise of police power may and should have reference to the peculiar situation and needs of the community. The law under consideration, designed to prevent the clandestine removal of property * * * seems to us an obviously rightful exercise of the power. It is true it affects interstate commerce, but we do not think such was its primary purpose, and while it may have an effect to levy a tax upon this class of property, the main purpose evidently was to protect the people against fraud and wrong."

An even more analogous case was that decided by the Court of Appeals of our State in *People* v. *Rueffer* (279 N. Y. 389). In affirming a conviction under a statute similar in purport to the one at bar, and similarly challenged as being unconstitutional, the court said: " The enactment by which the signs must be inscribed on the trucks cannot be held to be outside the police power. If the Legislature was informed of the practice of transporting ' bootleg ' or stolen coal from Pennsylvania to New York, surely the circumstances are such as to support an exercise of police power. The fact that interstate commerce may be indirectly or incidentally involved does not deprive a State of that right."

It is also important to note that there is no Federal legislation covering or in conflict with the subject-matter of the statute under consideration. In the absence of such legislation it has been held that the States and their authorized municipal subdivisions may validly adopt police power measures affecting interstate commerce even though Congress under the commerce clause also has power to act upon the subject. (*South Carolina State Highway Department* v. *Barnwell Brothers, Inc.*, 303 U. S. 177; *Kelly* v. *Washington*, 302 id. 1; *Mintz* v. *Baldwin*, 289 id. 346; *Reid* v. *Colorado*, 187 id. 137; *Reuffer* v. *Department of Agriculture & Markets*, 279 N. Y. 16, 21.)

The power of the States and through them their political sub-divisions to enact inspection laws is specifically recognized by section 10 of article 1 of the Federal Constitution. Where such inspection laws are manifestly intended and calculated in good faith to protect the public health, the public morals, or the public safety, they arc deemed to be valid, even though applied to articles moving in inter-state commerce, if they do not discriminate against or unduly burden legitimate interstate commerce. (*Clason* v. *Indiana*, 306 U. S. 439; *Patapsco Guano Co.* v. *North Carolina Board of Agriculture*, 171 id. 345.)

It is also to be observed that the Court of Appeals has expressed itself as looking with disfavor upon courts of first instance exercising the transcendent power of declaring an act of the Legislature unconstitutional except in rare cases involving life and liberty or where the invalidity of the legislative act is apparent on its face. (*People* v. *Reed*, 276 N. Y. 5.) This rule must be regarded as having special force and applicability in relation to a statute such as the one before the court which plainly was intended to protect the public interest by preventing fraud and imposition upon coal consumers in the city of New York, by protecting honest coal merchants against unfair and unlawful competition arising from the sale of stolen coal on a wholesale basis, and by aiding the police and the department of markets of the city of New York in detecting crime and cheating in the coal industry. Moreover it should be remembered that all legal presumptions favor constitutionality in the interpretation of a statute. (*Johnson* v. *City of New York*, 274 N. Y. 411.)

As to the second point raised by the defendant, I do not think that the statute in question is in conflict with the provisions of section 54 of the Vehicle and Traffic Law. The purpose of that law, as well as of the act preceding it (Highway Law of 1909, § 288, as amd. [repealed by Laws of 1929, chap. 54]) was to provide uniform regulation in respect of the operation and use of motor vehicles as such upon the public highways of the State. (*People* v. *City of Buffalo*, 152 Misc. 375.) An examination of the statute under consideration clearly shows that it was intended to apply only to a " vehicle for the transportation of solid fuel." Essentially it is an inspection law that does not forbid the operation on the public highways of trucks carrying coal, but merely prescribes an owner's plate for identification purposes to carry out the legitimate object of the act.

Defendant is found guilty as charged.