The People of the State of New York, Respondent, *v.* Eugene F. Kitendaugh, Appellant.

County Court, Oneida County, September 24, 1947.

*Leonard W. Burdick* for appellant.

*Earle C. Bastow, District Attorney* (*Joseph A. Page* of counsel), for respondent.

HANAGAN, J. This is an appeal from a judgment of conviction in the City Court of Sherrill, convicting the defendant of exceeding the speed limit in violation of section 3 of Ordinance Number 18 of the City of Sherrill. The defendant was fined $12.

On this appeal the defendant has raised several questions, but I find it necessary to consider only the question of the validity of section 3 of said Ordinance Number 18. This ordinance was adopted by the Commissioners of the City of Sherrill on October 26, 1936, and provided as follows: "No. 18. *Traffic Ordinances. Section* 3. *Speed Limit.* No person shall operate, drive or propel a motor vehicle over, in or upon a public street or highway within the corporate limits of the City of Sherrill at a greater rate of speed than one mile in three minutes, and the maintenance of a greater rate of speed for a distance of one eighth of a mile shall be presumptive evidence of driving at a rate of speed in violation of this section. Any person violating any of the provisions of this section shall be guilty of misdemeanor and upon conviction shall be punished by a fine not exceeding Fifty Dollars ($50.00) or fifty [50] days in jail, or both. * * * "

Section 54 of the Vehicle and Traffic Law of this State states: "Except as otherwise provided in this chapter, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation * * * restricting motor vehicles or motor cycles or their speed upon or use of the public highways * * *. Provided, further, that the local authorities of other cities and incorporated villages may, subject to the provisions of this section and the following section, limit by ordinance, rule or regulation the speed of motor vehicles and motor cycles on the public highways, such speed limitations not to be in any case less than one mile in three minutes, on condition that each city or village shall have placed conspicuously, on a post, not more than fifteen feet from the travelled portion of the highway, on the right hand side of each main public highway entering the city or village * * * and also on further condition that such ordinance, rule, or regulation shall fix the punishment for violation thereof, which punishment shall, during the existence of the ordinance, rule, or regulation, supersede those specified in this chapter but, except in cities of the first and second class, shall not exceed a fine of one hundred

dollars or imprisonment for thirty days or both such fine and imprisonment. * * * ''

The purpose and intent of said section 54 was to create uniform regulations in respect to the operation and use of motor vehicles upon the public highways of the State. (*People* v. *Adduci,* 176 Misc. 697; *People* v. *Marcello,* 25 N. Y. S. 2d 533.)

The court will take judicial notice that the City of Sherrill is not a city of the first or second class, and that West Hamilton Avenue in the said city is a public highway within section 54 of the Vehicle and Traffic Law.

The commissioners in adopting the above ordinance, which provided for a possible jail sentence of fifty days and made a violation thereof a misdemeanor, exceeded the power granted them by section 54 of the Vehicle and Traffic Law in both regards. Section 54 directs that if any imprisonment is fixed as punishment for the violation of an ordinance authorized by the section, it shall not exceed thirty days. To fix a possible longer term of imprisonment than that permitted by section 54 is contrary to the express language of the section and therefore illegal.

Section 56 of the Vehicle and Traffic Law governs the speed limits upon public highways in this State. Subdivision 4 of section 70 of the same Law provides for the punishment for violation of section 56. A violation of section 56 is not made a misdemeanor.

Section 54 of the Vehicle and Traffic Law prohibits local ordinances regarding the use of public highways except as specifically authorized by the section and enacted as therein set forth. There is no power or authority granted by this section which would permit the adoption of an ordinance which declares a violation thereof to be a misdemeanor. It is true that section 26 of the Charter of the City of Sherrill (Local Laws, 1925, No. 1 of City of Sherrill, § 26) provides as follows: ''Any person violating any city ordinance shall be guilty of a misdemeanor and the commission may provide therein or by general ordinance that any person guilty of such shall be liable to fine which shall not exceed fifty dollars in amount or to imprisonment of not exceeding six months or to both such fine or imprisonment, or such ordinance may provide for a penalty of not exceeding one hundred dollars to be recovered by the city in a civil action.'' This is a local law and is in conflict with section 54 of the Vehicle and Traffic Law, a general law of the State. The provision of the local law must be deemed modified or suspended so far as may be necessary to give effect to the above-considered provisions of section 54 of the Vehicle and Traffic Law of this State.

Section 3 of Ordinance Number 18 is invalid and of no force or effect.

The judgment of the City Court of Sherrill is reversed, the defendant discharged, and the fine remitted. Ordered accordingly.