In the Matter of the COUNTY OF WESTCHESTER, Respondent, Relative to the Hutchinson River Parkway.
THE NEW YORK, NEW HAVEN and HARTFORD RAILROAD COMPANY, Appellant.

Counties — parkways — railroad crossing — parkway extending many miles through a county not a street, avenue, highway or road, within meaning of provisions of Railroad Law for crossing steam railroad — determination of board of supervisors that it is a necessary street and that board should apply to Public Service Commission for determination as to railroad crossing annulled.

A parkway designed under the Westchester Park Act (L. 1922, ch. 292) to extend many miles through the county is not " a street, avenue, highway or road," within the meaning of section 90 of the Railroad Law (Cons. Laws, ch. 49) specifying the procedure by which they may cross steam surface railroads. Section 94 of the Railroad Law, which by its terms is made to apply only to such new passageways of travel as are constructed under the provisions of section 90, is also inapplicable. No statute defines the official body which has power to serve notice upon a railroad, proposed to be crossed, give public hearing or make application to the Public Service Commission, respecting such a parkway, nor does any statute provide for proportioning the cost of constructing the crossings. A determination, therefore, of the board of supervisors that the laying out of such a parkway as a street is necessary and that the board should apply to the Public Service Commission to determine how it shall cross railroad tracks, should be annulled. (*Buffalo, L. & R. Ry. Co.* v. *Hoyer*, 214 N. Y. 236, followed.)

*Matter of County of Westchester*, 219 App. Div. 371, reversed.

(Argued October 4, 1927; decided November 22, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 23, 1927, which confirmed a determination by the board of supervisors of Westchester county that the construction of a highway, known as the Hutchinson River Parkway across the

tracks and roadway of the New York, New Haven and Hartford railroad, in the villages of Pelham and North Pelham is necessary.

*Isaac N. Mills* and *Charles M. Sheafe, Jr.*, for appellant. This Hutchinson River Parkway drive is not a " street, avenue, highway or road " within the meaning or scope of section 90 of the Railroad Law. (*Buffalo, L. & R. Ry. Co.* v. *Hoyer*, 214 N. Y. 236; *Sebring* v. *Quackenbush*, 120 Misc. Rep. 609; *McAneny* v. *N. Y. C. R. R. Co.*, 238 N. Y. 122; *People ex rel. N. Y. C. R. R. Co.* v. *Public Service Comm.*, 231 N. Y. 1; *Matter of N. Y. C. R. R. Co.* v. *Public Service Comm.*, 242 N. Y. 561; *People ex rel. Town of Scarsdale* v. *Public Service Comm.*, 220 N. Y. 1; *Matter of N. Y. C. & H. R. R. R. Co.*, 200 N. Y. 121; *Williams* v. *Gallatin*, 229 N. Y. 248; *Tobin* v. *Hennessy*, 129 Misc. Rep. 756; 220 App. Div. 695.)

*Charles H. Peck* and *Henry R. Barrett* for respondent· The county of Westchester is a municipal corporation, and its board of supervisors constitutes the governing authorities thereof. (*Town of Kirkwood* v. *Newbury*, 122 N. Y. 571; *Matter of Rochester El. R. Co.*, 123 N. Y. 353; *Gaedeke* v. *S. I. R. R. Co.*, 43 App. Div. 514; *Nassau County* v. *Luessen*, 69 Misc. Rep. 184.) The Hutchinson River Parkway is a new municipal highway and not a State or county highway as defined by the general laws. (*County of Albany* v. *Hooker*, 204 N. Y. 1; *Rogers* v. *Bradshaw*, 20 Johns. 742; *Fox* v. *Union Turnpike Co.*, 59 App. Div. 366; *Benedict* v. *Goit*, 3 Barb. 439; *Davis* v. *Mayor*, 14 N. Y. 516; *People ex rel. U. & D. R. R. Co.* v. *Public Service Comm.*, 171 App. Div. 608; *Pres. D. & H. C. Co.* v. *Whitehall*, 90 N. Y. 21; *Birmingham* v. *R., C. & B. R. R. Co.*, 137 N. Y. 13; *Kupelian* v. *Andrews*, 233 N. Y. 282.)

O'BRIEN, J. The organization of the Westchester County Park Commission was authorized by chapter 292,

Laws of 1922, and, pursuant to the provisions of section 1, its members have been appointed by the board of supervisors. Section 4 of the act declares the acquisition and maintenance of all park lands to be a county purpose, and section 20 provides for taxation to raise revenues which shall be a county charge. Among the lands under the exclusive management and control of the Commission and forming part of the Westchester County Park and Parkway System is the Hutchinson River Parkway. The record shows that this parkway is designed to extend many miles through the county and to cross the tracks of the New York, New Haven and Hartford railroad at two locations within the boundaries of the towns of Pelham and North Pelham. The Appellate Division has held that the provisions of section 90, Railroad Law (Cons. Laws, ch. 49), apply to the procedure by which the parkway may cross the railroad; that the parkway is a " street " of a " municipal corporation," such corporation being Westchester county; that the county, acting through its Board of Supervisors, is the body designated by law to serve upon the railroad company notice of intention to lay out this parkway across its tracks and to conduct a public hearing on that subject and that the county, acting through the Park Commission, is the municipal corporation intended by law to make application to the Public Service Commission in respect to the grades at which the crossings shall be constructed.

Section 90, Railroad Law, as amended by chapter 481, Laws of 1924, reads in part as follows:

" When a new street, avenue, highway or road or new portion or additional width of a street, avenue, highway or road, or a state or county highway or county road deviating from the line of an existing highway or road, shall hereafter be constructed across a steam surface railroad, other than pursuant to the provisions of section ninety-one of this chapter, such street, avenue, highway or road, or new portion or additional width of a street,

avenue, highway or road, shall pass over or under such railroad whenever such construction is practicable. Notice of intention to lay out such street, avenue, highway or road, or such new portion or additional width of a street, avenue, highway or road, across a steam surface railroad shall be given to such railroad corporation by the municipal corporation at least fifteen days prior to the making of the order laying out such street, avenue, highway or road or such new portion or additional width of a street, avenue, highway or road by service personally on the president or vice-president of the railroad corporation or any general officer thereof. In case of the construction of a state or county highway which deviates from the line of an existing highway across a steam surface railroad, a like notice shall be given to such railroad corporation by the state commission of highways at least fifteen days prior to the adoption of the maps, plans and specifications for such state or county highway by such commission. Such notice shall designate the time when and place where a hearing will be given to such railroad corporation, and such railroad corporation shall have the right to be heard before the authorities of such municipal corporation upon the question of the necessity of such street, avenue, highway or road or such new portion or additional width of a street, avenue, highway or road, or before the state commission of highways in case of a state or county highway, on the question of the location of such highway. * * * "

Counsel for respondent county stated at the hearing before the Park Commission August 20, 1925, that he did not consider the parkway a State highway, but that he did consider it a county highway. The Appellate Division, after consideration of definitions of highways in section 3, Highway Law (Cons. Laws, ch. 25), and the definition of the county road system in section 320-a, Highway Law, decided correctly, as we view it, that the Hutchinson River Parkway is not a highway, State, county

or town nor a county road within the meaning of those definitions nor within the meaning of the Railroad Law. Counsel for the county on his brief in this court argues that the parkway is "a new street, avenue, highway or road" and is not "a state or county highway" or "a county road" within the meaning of the Railroad Law.

The Hutchinson River Parkway does not seem to us to be "a street, avenue, highway or road" within the meaning of section 90 of the Railroad Law. Passageways for vehicles and pedestrians which under some conditions and according to definitions in some statutes might be regarded as streets, avenues, highways or roads are embraced within the boundaries of this parkway, yet the parkway is more inclusive than any of these things mentioned in section 90. It is a park. True it is that by definitions in the Highway Law (Section 281) and in the Transportation Corporations Law (Cons. Laws, ch. 63), section 153, subd. K, parkways are highways, but under the Westchester Park Act they are parks. By section 3 of chapter 292, Laws of 1922, the term "park" shall be deemed to include all "public parks, *parkways*, beaches, open spaces and boulevards; and also entrances and approaches thereto and *streets, roads*, docks and bridges between, to, in, through or connecting such park or parks or parts thereof." According to this definition, a parkway does not become a street, avenue, highway or road. An opposite result is achieved; a street or a road or a highway which is in a park or which connects two or more parks, becomes part of a park. A park is not a street, avenue, road or highway within the meaning of the Railroad Law. (*Buffalo, L. & R. Ry. Co.* v. *Hoyer*, 214 N. Y. 236, 248.) By section 14 of chapter 292, Laws of 1922, the Park Commission shall have the sole and exclusive control and management of all *streets* and *highways* and bridges within the limits of any park under its jurisdiction with the right and power to alter or discontinue any and all *streets, highways* and bridges, and all *streets, highways*,

parkways or boulevards taken over by the act shall be built, maintained and kept in order and repaired by the Commission. These provisions show very clearly that streets within the boundaries of the parkway have become merged in the Westchester County Park and Parkway System and have ceased to be streets. City and village governments have lost control of some parts of their territories which once had been streets and these streets themselves have become parts of a park. The statutory definition in the Public Service Commissions Law, section 105, subdivision 3 (Cons. Laws, ch. 48), by which the term " street " includes a parkway, does not appear pertinent to the facts in this case. The same definition makes waters and rivers " streets " for some purposes of that statute, unless the context clearly indicates that another meaning is intended. Only such parkways as do not extend beyond the limits of cities or villages can properly be inferred to be streets even within that definition. The Railroad Law must be interpreted in relation to the Westchester County Park statute in order to ascertain whether a parkway as existing by the park statute, extending many miles through rural sections of the county as well as through villages and at least one city and including rustic lanes, shall be considered a street within the meaning of section 90. Under statutory definition in the Public Service Commissions Law if the context of that act warrants, Gravesend bay or the Hudson river is literally a street. When the Railroad Law refers to streets, who would think of Lake Ontario or New York harbor? Likewise, when the Railroad Law mentions streets and municipal corporations who would naturally think of a county? Westchester county is literally a municipal corporation (Section 3, General Corporation Law [Cons. Laws, ch. 23]; section 3, County Law [Cons. Laws, ch. 11]; section 2, General Municipal Law [Cons. Laws, ch. 24]), yet we cannot forbear to reject the idea that when the Railroad Law deals with the laying out of new streets by municipal cor-

porations, it ever contemplated a rural parkway through several townships as a street of a municipal corporation. It must, in reason, have intended to restrict the idea of a street to its ordinarily accepted meaning. It meant conventional streets in a city or village. Only by straining at technical definitions in other statutes which statutory definitions are wholly at variance with accepted meanings and are intended to be applied in the light of common sense and in accordance with the contexts of those statutes, can an extensive parkway system of a county be dragged within the inclosure of section 90 of the Railroad Law and be transformed into a street.

Our decision in *Buffalo, L. & R. Ry. Co.* v. *Hoyer* (*supra*) is controlling. There the question necessary for actual determination, as stated by Judge Chase, was whether " the highway known as the Common " in the village of Middleport is a street, avenue, road or highway within the meaning of the Railroad Law, or a public park. A former owner of the land marked it " Public Common " on his map and he covenanted in deeds to individuals and to a religious society of lots abutting upon the common that the parcel designated as a public common should be faithfully devoted to that use. Sixty years later the village, which had not been in existence at the time of the execution of the deeds, assumed to accept the former owner's covenants as offers of dedication, and its trustees adopted a resolution by which it accepted the offers and dedicated the common as a public park. For many years prior to the institution of the action, a public highway thirty feet wide had existed through the center of the common but was never in terms dedicated as a highway. On the bordering lands, trees were planted and grass grew and the place had many of the qualities of a public park. In some of the proceedings of the village trustees, the location was designated as a public park, village green and public common. We held, on these facts, that the plot dedicated and accepted

as a common constitutes a public park and that neither
the park itself nor the driveway across it is a street,
avenue, road or highway within the meaning of the
Railroad Law. The opinion expresses certain rules which
are germane to the facts now before us. It says: " Drive-
ways in public parks are common. Driveways like walks
and bridle paths are not only not inconsistent with the use
of a public park as such, but they are a part of the
common and ordinary means by which a park is used
by the public. In the case of large parks, paths and
driveways are essential to their satisfactory use. The
ordinary use by the public of paths and driveways
through a public park is consistent with and incidental
to the purposes of the park. * * * Ordinary paths
and driveways in a public park are subject to the regula-
tions of the officers charged with the duty of superintend-
ing and caring for the park. The course of such paths and
driveways may be changed from time to time, or such
paths and driveways may be wholly closed as in the
judgment of the officials in charge of the park may seem
desirable." The analogy between the two cases is very
close. To distinguish the principle would be difficult.
Here we have a park including a driveway extending
from Pelham Bay Park in New York city to a point
near the Connecticut boundary. The Westchester Park
Commission, by virtue of section 3, chapter 292, Laws
of 1922, has control and management of it. By section
17 the Commission may make rules and ordinances
governing its use and by section 14 is authorized to
discontinue it. The statute under which the parkway
is authorized calls it a park. Every reason upon which
our former ruling is based applies to the facts now
before us.

The Hutchinson River Parkway is not constructed
under section 90 of the Railroad Law but is constructed
under chapter 292, Laws of 1922. Its roadways and

21

bordering grounds constitute a park and nothing else. The conclusion naturally follows that section 94 of the Railroad Law, like section 90, is also inapplicable. By its terms section 94 is made to apply only to such new passageways of travel as are constructed under the provisions of section 90. No statute defines the official body which has power to serve notice upon the railroad, give public hearing or make application to the Public Service Commission respecting this parkway. No statute provides for any proportion of the cost of constructing the crossings. Probably the attention of the Legislature was never directed to the peculiar nature of this parkway. The hiatus in the law may speedily be filled by legislation.

The order of the Appellate Division should be reversed and the determination of the board of supervisors should be annulled, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and KELLOGG, JJ., concur; LEHMAN, J., not voting.

Ordered accordingly.