The Westchester Electric Railroad Company, Appellant, v. Westchester County Park Commission, Respondent.

Westchester Lighting Company, Appellant, v. County of Westchester et al., Respondents.

(Argued December 1, 1930; decided January 6, 1931.)

*Alfred T. Davison* and *Addison B. Scoville* for Westchester Electric Railroad Company, appellant. The plaintiff railroad company is entitled to judgment against the park commission for the reason that the park commission unconditionally promised to pay the actual cost of the work in question. The defendant park commission had the power and authority to make such unconditional promise to pay. (Laws of 1922, ch. 292, §§ 4 and 5.) The provisions of section 5 of the act of the Legislature under which the park commission has acted herein show that the Legislature did not intend to vest in the park commission any right to subject the railroad company to any expense or damage as a result of the creation of the Hutchinson River parkway. (L. 1922, ch. 292.)

*John A. Garver, P. F. W. Ruther* and *Chauncey B. Garver* for Westchester Lighting Company, appellant. Chapter 292 of Laws of 1922 expressly provides for the reimbursement by the respondent commission of expenses incurred by public utility corporations in connection with the relocation of their structures, made necessary by the work of said commission. (*Matter of Rapid Transit Comrs.*, 197 N. Y. 81; *N. Y. & Queens E. L. & P. Co.* v. *City of New York*, 221 App. Div. 544; *Suburban Rapid Transit Co.* v. *Mayor*, 128 N. Y. 510; *Coney Island, F. H. & B. R. R. Co.* v. *Kennedy*, 15 App. Div. 588.)

*Francis J. Morgan, Thomas M. Smith, Frank J. Claydon, Henry R. Barrett* and *William H. Davidson* for respondents. Chapter 292 of Laws of 1922 makes no provision for compensating the appellant railroad company for by-passing and permanently relocating its tracks. (*New Orleans Gas Light Co.* v. *Drainage Comm.*, 197 U. S. 453; *Transit Comm.* v. *Long Island R. R. Co.*, 253 N. Y. 345.) The park commission has no authority to reimburse the appellant railroad company for the moneys expended

in by-passing and relocating its tracks and any agreement to do so or appropriation of money, therefore, is *ultra vires* and void. (*Miller* v. *State*, 15 Wall. 478; New York State Const. art. 8, § 1; *N. Y. C. & H. R. R. R. Co.* v. *City of New York*, 202 N. Y. 212; *American Rapid Telegraph Co.* v. *Hess*, 125 N. Y. 641; *People ex rel. City of New York* v. *New York Rys. Co.*, 217 N. Y. 310; *Lord* v. *Equitable Life Ins. Soc.*, 194 N. Y. 212.) The park commission has the power and authority to order the change of location, and the expense incidental thereto must be borne by the lighting company as to its gas mains. (*Matter of Deering*, 93 N. Y. 361; *New Orleans Gas Light Co.* v. *Drainage Comm.*, 197 U. S. 453; *Transit Comm.* v. *Long Island R. R. Co.*, 253 N. Y. 345.) Chapter 292 of Laws of 1922 makes no provision for compensating the lighting company for by-passing and permanently relocating its pipes. (*New Orleans Gas Light Co.* v. *Drainage Comm.*, 197 U. S. 453; *Transit Comm.* v. *Long Island R. R. Co.*, 253 N. Y. 345.) The park commission has no authority to reimburse the appellant lighting company for the moneys expended in by-passing and relocating its pipes and any agreement to do so or appropriation of money, therefore, is *ultra vires* and void. (*American Rapid Telegraph Co.* v. *Hess*, 125 N. Y. 641; *People ex rel. City of New York* v. *New York Railways Company*, 217 N. Y. 310; *Atlantic Coast Line* v. *Goldsboro*, 232 U. S. 548; *New Orleans Gas Light Company* v. *Drainage Commission of New Orleans*, 197 U. S. 453; *Lord* v. *Equitable Life Assurance Society*, 194 N. Y. 212.)

O'BRIEN, J. The Hutchinson River parkway, which is a park (*Matter of County of Westchester* [*H. R. Parkway*], 246 N. Y. 314), was laid out by defendant Commission on both sides of East Lincoln avenue and East Third street in Mount Vernon and Pelham. All incidental proceedings in connection with the acquisition, improvement and embellishment of the park are declared to be for a county

purpose (Laws of 1922, ch. 292, § 4). For many years, pursuant to franchise rights, plaintiff railroad company has maintained tracks on these streets and plaintiff lighting company has maintained gas mains. In order that the drive of the parkway might cross otherwise than at grade, the Commission obtained leave from the authorities of the city and of the village to raise the grade of these highways and to construct underpasses. This permission was accompanied by provisos that the Commission would bear the expense of construction, would save the municipalities harmless from all claims for damages and would pay any damages to abutting land caused by any change of street grade. The streets were elevated and the parkway drive was depressed. This work did not constitute a street improvement by either municipality but consisted entirely of the construction of a park by the county. Both plaintiffs at their own expense by order of the Commission removed their structures from the streets and relocated them at elevations to conform with the new grades. In the case of the lighting company, the Commission agreed upon reimbursement subject to the mutual understanding that liability should be finally determined by the court. With the railroad company the Commission stipulated to pay the cost of providing temporary tracks, the cost of materials for fastening the rails and poles to the bridges and the cost of labor in connection with laying the permanent tracks and overhead structures. This stipulation appears to be an absolute promise. The lighting company expended a sum in excess of $10,000 and the railroad more than $8,000. The Board of Supervisors has appropriated the money to pay for the work performed by the lighting company. The controversies have been submitted upon agreed facts pursuant to section 546 of the Civil Practice Act.

The power of the Commission to enter into these agreements to reimburse plaintiffs is directly involved. Were

the contracts *ultra vires?* At common law, holders of franchises take the risk of the location of their structures in public highways and are bound to make such changes at their own charge as public convenience or security requires (*Matter of Petition of Deering*, 93 N. Y. 361; *Chace Trucking Co.* v. *Richmond L. & R. R. Co.*, 225 N. Y. 435, 437; *New Orleans Gas L. Co.* v. *Drainage Comm.*, 197 U. S. 453), but this common-law rule is subject to alteration by statute. (*Transit Comm.* v. *Long Island R. R. Co.*, 253 N. Y. 345.) Public security demands that the driveway of a great park over which millions of motor vehicles proceed at a high rate of speed shall not cross city and village streets at grade. A statute imposing the expense of changes, necessarily incidental to the elevation of such highways, upon the public body directing such changes would not conflict with any constitutional prohibition. The inquiry is, therefore, directed to the existence of such a statute.

The source of authority is found in chapter 292, Laws of 1922, section 5. This part of the act empowers the Commission to agree with the owner of real estate for compensation to be paid for the taking or using and occupying such real estate by virtue of the acquisition of an estate less than a fee. The term " real estate " is construed in the act to include all interest therein used for railroad or other public purposes. Provision is made that corporations owning an interest in real property which is used as a public utility shall be allowed perpetual use for such purpose as will afford practical route or location commensurate with and adapted to its needs and that " such persons or corporations shall not directly or indirectly be subject to expense, loss or damage by reason of change in such route or location, but such expense, loss or damage shall be borne in like manner as the expenses incurred in carrying out the provisions of this act." This statute must fairly be held to control the facts as submitted. The Commission temporarily took,

used and occupied the land in the highways in which plaintiffs had theretofore acquired an interest. The structures were removed, the railroad tracks were transitorily placed on a different site, the gas mains were by-passed, and later all were returned to locations other than those formerly occupied by them. The locations were to some extent changed and the plain intent of the statute is that, in such an event, the service corporations shall not even indirectly be subject to expense. The whole purport of the act clearly points to the conclusion that the expense of the relocation of structures rendered necessary by this public improvement must be included within the cost of construction. When the Commission agreed with one of the plaintiffs for reimbursement and stipulated with the other for repayment subject to determination by the courts, it did not exceed its official power under the statute. Its acts were wholly authorized.

The judgment in each case should be reversed and judgment directed for plaintiff, without costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgments reversed, etc.