THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CITY OF BUFFALO, NEW YORK, Defendant.

Supreme Court, Albany County, July 18, 1934.

*John J. Bennett, Jr., Attorney-General* [*Timothy F. Cohan* of counsel], for the plaintiff.

*George L. Grobe,* for the defendant.

SCHENCK, J. This is an action to recover certain motor vehicle fines imposed and collected by the city through its courts for violation of ordinances of the defendant city. It is alleged by the plaintiff that the offenses for which these fines were imposed and recovered, in fact, constituted violations of the State Highway Law and the State Vehicle and Traffic Law and that the defendant city failed to pay over the moneys so collected to the State, as required by former section 291 of the Highway Law, now section 73 of the Vehicle and Traffic Law. Plaintiff contends that the Highway Law and its successor, the Vehicle and Traffic Law, were exclusively controlling over the offenses in question.

Annexed to the complaint are schedules which set forth each item of fines imposed during various years for violations of articles XI and XI-A of the Highway Law and articles 3, 4 and 5 of the Vehicle and Traffic Law. The schedules show the date on which each fine was imposed, the name of the defendant, the section and paragraph of the law violated, the chapter, section and subdivision of the city ordinance violated, and the amount of each fine. To separately allege and set out in detail each item, of which there are apparently several hundred, would serve no useful purpose. In an

action of this character, which may be said to be in the nature of an account, it is not necessary to separately number and plead each item thereof. (Civ. Prac. Act, § 246.) Defendant has ample information upon which to base his defense and prepare for trial.

Certain of these items are barred by the Statute of Limitations. However, that fact in itself does not warrant the dismissal of the complaint. It would appear from the decision in *People* v. *President & Trustees of Village of Ossining* (238 App. Div. 684; affd., 264 N. Y. 574, without opinion) that the ten-year Statute of Limitations is applicable to an action of this character.

Going to the merits of the issues joined it will be found that the offenses involved include: (1) Reckless driving; (2) driving without lights; (3) parking without lights; (4) defective lights; (5) dazzling lights; (6) inadequate brakes; (7) muffler cut-out; (8) defective number plates. All of these offenses were covered by the Highway Law and by the Vehicle and Traffic Law.

Article XI (sections 280–293) of the Highway Law provided that "except as herein otherwise provided, this article shall be exclusively controlling." The same provision was contained in section 10 of the Vehicle and Traffic Law.

Section 288 of the Highway Law prohibited local ordinances which were inconsistent with provisions of the article relating to motor vehicles, and a similar provision is found in section 54 of the Vehicle and Traffic Law. That section, prohibiting such local ordinances, contained the provision that "nothing in this chapter contained shall impair the validity or effect of any ordinances regulating the speed of motor vehicles * * * or of any traffic regulations with regard to the operation of motor vehicles * * * heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class."

Defendant City of Buffalo contends that, it being a first class city, it may and has properly passed ordinances which supersede the provisions of the Highway Law and the Vehicle and Traffic Law as to speed and regulation of traffic

Granted that the Legislature intended that cities of the first class would require traffic regulations that would not be found necessary in smaller communities, it cannot reasonably be found that it had in mind city ordinances on a parallel with the State statutes regarding reckless driving, lights on vehicles, brakes, muffler cut-out and number plates. It may well be that a city of the first class requires a comprehensive system of traffic regulation, but these particular matters comprising the offenses for which these fines were collected could not have been contemplated. May it be said that the Legislature intended to give to cities of

the first class the authority to provide that license plates should be attached to the side of a motor vehicle, instead of in the front and in the rear? Would the Legislature intend that such a city could enact an independent Motor Vehicle Law in conflict with the State law in the matter of lights, brakes, muffler cut-out, number plates and reckless driving? It is apparent that the intent of the Legislature by the enactment of the provisions of the Highway Law relating to motor vehicles, and thereafter the Vehicle and Traffic Law, was to create uniform regulations that would be state-wide.

In *People* v. *President & Trustees of Village of Ossining (supra)* the court held that the purpose of the statute was to repeal existing ordinances in conflict therewith and to prevent the existence of two sets of enactments, under either of which there could be prosecution for violation of the provisions thereof. MARTIN, J., writing for the Appellate Division, said: " The necessity for a uniform law throughout the State became apparent. \* \* \* Because of well known abuses \* \* \* the very purpose of the enactments was to give a new, complete and general law to take the place of all previous statutes, ordinances or rules regulating the use of motor vehicles upon the streets and highways of this State."

There would be no uniformity throughout the State if the right of the cities of the first class to make traffic regulations included the regulations as to lights on vehicles, brakes, muffler cut-out, number plates and reckless driving. The provisions of the statute allowing cities of the first class to make their own regulations have no reference to the matters involved in the offenses for which these fines were collected. They undoubtedly had reference to turning on signals, loading and unloading, vehicles in the streets, turns at street intersections, passing schools and hospitals, and various forms of signaling lights and other matters requiring regulation of traffic by reason of local conditions.

The motion is denied, with ten dollars costs.  Submit order.