In the Matter of the Application of CLARENCE LEVY and Others, Petitioners, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, etc., Respondent.

Supreme Court, Special Term, New York County, June 7, 1939.

*Alexander A. Falk* [*Copal Mintz* of counsel], for the petitioners.

*William C. Chanler, Corporation Counsel* [*Arthur H. Kahn, Assistant Corporation Counsel*, of counsel], for the respondent.

VALENTE, J. Petitioners, fourteen in number, apply for an order directing the police commissioner to issue to them licenses or certificates of license and badges for the year 1939. Each of the petitioners was a licensed " runner " in 1938 and has filed an application for renewal of his license for 1939, having paid the renewal fee of twelve dollars and fifty cents and delivered the required bond. The renewal applications, fees and bonds have been retained by the police commissioner. He has declined to issue 1939 badges to any runner, having instructed them to continue operating under the 1938 badge. The position of the police commissioner is thus summarized in his brief: " The Police Commissioner has refused to renew the licenses of these petitioners for the reason that many of them are not, in his opinion, persons of good character as required by the Code and because of the fact that the entire question of regulation of runners is being studied by the Police Commissioner and the Mayor for submission to the City Council for appropriate action."

The position so expressed is somewhat inconsistent. Apparently he is satisfied to let the runners operate at will — seemingly his own will — although he asserts that the matter is the subject of consideration for a revision of regulations to be submitted to the city council for action. The implication of the argument is evidently that there is some movement afoot to abolish the licensing of runners or restrict the issuance of licenses to them. Pending the adoption of such legislation the police commissioner presumes to suspend licenses or else to continue the old licenses at will. He

has no such power under the law. Until the latter is repealed he must act within its terms. As to the question of complaints against some of the applicants, if they are really unfit they should not be allowed to operate even by sufferance under the 1938 license, assuming that such permission were legal. On the other hand, the so-called complaints registered against some of the applicants seem more in the nature of an afterthought and are of petty character, considering the long experience of the applicants as licensed runners and their general good character during the period. Until legislative policy has declared otherwise the police commissioner is without power to act in a quasi-legislative capacity and determine rules outside of the statute. (New York City Administrative Code, § 436-3.0; *Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157; *Matter of Small* v. *Moss*, 279 id. 288.)

The motion is granted.