THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* COUNTY OF WESTCHESTER and THE WESTCHESTER COUNTY PARK COMMISSION, Defendants.

Second Department, November 6, 1939.

*Henry Epstein, Solicitor-General [John J. Bennett, Jr., Attorney-General, John C. Crary, Jr., and Jack Goodman, Assistant Attorneys-General, with him on the brief], for the plaintiff.*

*William A. Davidson, County Attorney [Francis J. Morgan and Frank J. Claydon with him on the brief], for the defendants.*

ADEL, J. The Hutchinson River parkway consists of a four-lane roadway for vehicular traffic, with planted areas averaging about 150 feet in width on each side of the pavement. It is open to the public generally for all except commercial vehicles. It was constructed as a public agency, by public authority, with public funds, and extends for a distance of approximately sixteen miles. Three and one-half miles thereof were constructed by the State of New York with funds of the United States, allocated pursuant to the

Federal Emergency Relief Appropriation Act of 1935. The parties are in agreement that for the part of the public way constructed with Federal funds no tolls may be charged. The road forms a connecting link in a chain of through public highways, which join it at either end and at several points along its length, giving access to the State of Connecticut and points north, the city of New York, Long Island and points south, and points in Westchester county through which it runs. Before August 21, 1939, the public way had been maintained for its whole length, open to the public generally for motor vehicle traffic, except for the exclusion of commercial vehicles, without the payment of any toll, license, tax or permit whatsoever.

The controversy arises by reason of the fact that on August 7, 1939, the board of supervisors of Westchester county passed an act, known as Local Law No. 5, providing for the collection of tolls from motorists using that portion of the parkway that was constructed without the aid of Federal funds, and that since August 21, 1939, tolls have been collected pursuant to the act.

Concededly the Legislature has power to authorize the imposition and collection of tolls on public highways. The question here is whether the county has that power with respect to the Hutchinson River parkway.

The form of government for the county of Westchester, prescribing the powers of local legislation and administration, pursuant to former section 26 of article 3 of the Constitution of the State of New York, provided for by chapter 617 of the Laws of 1937, as amended, was duly adopted by the people of the county and became operative on January 1, 1939. The Westchester county park commission is a commission created by and duly organized and existing under chapter 292 of the Laws of 1922, and acts amendatory thereof.

The express general prohibition against the imposition by local authorities of tolls for the use of public highways by motor vehicles is clear. It is found in section 54 of the Vehicle and Traffic Law, which, so far as applicable, reads as follows:

" § 54. Local ordinances prohibited. Except as otherwise provided in this chapter, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring from any owner of a motor vehicle or motor cycle, or from any operator or chauffeur to whom this chapter is applicable, any tax, fee, license or permit for the use of the public highways, or excluding any such owner, operator or chauffeur from the free use of such public highways, excepting such driveway, speedway or road as

has been or may be expressly set apart by law for the exclusive use of horses and light carriages, or in any other way restricting motor vehicles or motor cycles or their speed upon or use of the public highways; or setting aside for any given time a specified public highway or any part thereof constructed in whole or in part at the expense of the State for speed contests or races or other sports, exhibitions, shows, exercises, entertainments or meetings; and no ordinance, rule or regulation contrary to or in any wise inconsistent with the provisions of this chapter, now in force or hereafter enacted shall have any effect."

No direct authority to abrogate that prohibition has been conferred upon the county by the Westchester County Charter or any other statute. The defendants say that section 4 of said charter by inference provides such authority. We think otherwise. That section reads as follows:

" § 4. Enumerated powers not exclusive. The enumeration of particular powers by this act shall not be deemed to be exclusive, but in addition to the powers enumerated or implied herein or appropriate to the exercise of such powers, the county shall have and may exercise all powers which under the Constitution of the State of New York it would be competent for this act specifically to enumerate, and all powers necessarily incident or fairly to be implied, not inconsistent with the provisions hereof. All powers of the county, whether expressed or implied, shall be exercised in the manner specifically provided in this act, and in all other cases, as nearly as practicable, in the manner provided by law, until such time as the board of supervisors or the county board shall have provided otherwise."

Even after the adoption of a form of government for a county, the Legislature retains its plenary power to act in relation to counties by general law. The Vehicle and Traffic Law is a general law and applies to all local governmental agencies concerned with highways. No general grant of local administrative power will warrant the abrogation of the prohibition contained in the general law against local imposition of tolls for highway use. The principle was strongly stated by this court in *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury* (230 App. Div. 228; affd., 256 N. Y. 619), where Presiding Justice LAZANSKY said (p. 234): " The authority of a municipality to abrogate State law is never implied or inferred. It is only derived from express grant, never from a general grant of power. A State policy may not be ignored by a municipality unless it is specifically empowered so to do in terms clear and explicit. (*People ex rel. Kieley* v. *Lent*, 166 App. Div. 550; affd., 215 N. Y. 626; *Mills* v. *Sweeney*, 219 id. 213; *People* v.

*Gilbert,* 68 Misc. 48; *Law* v. *Spartanburg,* 148 S. C. 229; *Schieffelin* v. *Dolan,* 204 App. Div. 351; 43 C. J. 215–218.)"

The defendants approve the fundamental principle enunciated in the *Jewish Consumptives' Relief Society* case (*supra*) but say that it has no application here because the Legislature, when it created the Westchester county park commission, conferred upon it the *exclusive* power to adopt and enforce rules, regulations and ordinances notwithstanding the provisions of any general or special law to the contrary governing the use of said park or parks and traffic in and through the same. This might be true if this highway, sixteen miles in length, be limited in character and description as a park. Subdivision 2 of section 2 of the Vehicle and Traffic Law, and section 281 of the old Highway Law, from which it was derived, defined public highways as follows:

" 2. ' Public highway ' shall include any highway, country road, county highway, State highway, State road, public street, avenue, alley, park, parkway or public place in any county, city, borough, town or village, in this State."

By chapter 756 of the Laws of 1930 this definition was materially broadened by the substitution of what appears to be even more inclusive terms. It now reads:

" 2. ' Public highway ' shall include any highway, road, street, avenue, alley, public place, public driveway or any other public way."

Under these definitions every public way whatever is brought within the provisions of the Vehicle and Traffic Law, and there appears to be no reason for excluding the Hutchinson River parkway therefrom.

The defendants maintain that the parkway is not a public way within the meaning of the Vehicle and Traffic Law and cite *Matter of County of Westchester (H. R. Parkway)* (246 N. Y. 314) as authority in support of the contention. There it was held that the very parkway involved in this controversy was not " a street, avenue, highway or road " within the meaning of section 90 of the Railroad Law, which specifies the procedure to be followed by which such streets may cross steam surface railroads. Since the time of that decision (1927) the Hutchinson River parkway has become a major link in a vast system of modern interstate highways, and what was said there must be taken as limited to the determination of the question of whether it was a highway within the meaning of section 90 of the Railroad Law; but when read in connection with other statutes it is a public way within the meaning of the Vehicle and Traffic Law so far as the imposition of tolls for the use thereof by motor vehicles is concerned.

Our conclusion, therefore, is that the provisions of section 4 of the Westchester County Charter must clearly be limited to the purpose of granting complete power only over those matters relating solely to local affairs of the county and their administration; that the toll is forbidden by general State law and that no authority has been conferred upon the county to abrogate that prohibition. We do not reach the question whether, if section 4 of the county charter can be construed so broadly as to include the power to pass the local law under consideration, it is an invalid surrender by the Legislature of its constitutional powers.

On these conclusions the plaintiff is entitled to judgment declaring and adjudging the adoption of Local Law No. 5, imposing a toll upon the use of the Hutchinson River parkway by motor vehicles, to be in excess of the powers of the county of Westchester or of the Westchester county park commission and enjoining and restraining the imposition and collection of such tolls thereunder. Judgment for plaintiff directed to be entered accordingly, without costs.

LAZANSKY, P. J., JOHNSTON and TAYLOR, JJ., concur; CLOSE, J., dissents in opinion and votes to direct judgment for the defendants.

CLOSE, J. (dissenting). I dissent and vote to grant judgment for the defendants. The majority has based the result upon two grounds: *First*, that Local Law No. 5 is in contravention of section 54 of the Vehicle and Traffic Law; *second*, that section 4 of the Westchester County Charter must be limited to granting complete power only over those matters relating solely to local affairs of the county.

Local Law No. 5 is not in contravention of section 54 of the Vehicle and Traffic Law unless it is found that the Hutchinson River parkway is a highway as defined by section 2 of the Vehicle and Traffic Law or some other statute of general application. In my opinion, no such finding can be made without disregarding completely the decision of the Court of Appeals in *Matter of County of Westchester (H. R. Parkway)* (246 N. Y. 314). There it was distinctly held that the nature of this parkway is to be determined, not by any definition appearing in a general statute, but solely by reference to the Westchester County Park Commission Act. (Laws of 1922, chap. 292.) It was held that under that act the parkway is not a highway; it is a part of a park. It seems to me that if we now say that the decision was confined to a construction of section 90 of the Railroad Law, we will overlook the reasoning of the court. If the parkways of Westchester county are not highways because the Park Commission Act defines them otherwise, then they cannot

be highways under any general statute whatever. The definition of public highways appearing in section 2 of the Vehicle and Traffic Law has no application. In the foregoing case the Court of Appeals took notice of that definition, which then appeared in section 281 of the Highway Law. At that time the definition expressly included parks and parkways. Nevertheless it was held that such definition is not controlling; that the parkways of Westchester county are defined elsewhere; and that under the true definition, applicable to these parkways alone, they are parks and not highways. That being the case, the limitations imposed by section 54 of the Vehicle and Traffic Law with respect to public highways should not control the disposition of this case.

In spite of the general language of section 4 of the Westchester County Charter, which purports to confer upon the county all the powers which might be granted by the Legislature within the limits of the Constitution, I think there can be little doubt as to the extent of the power intended to be delegated. Section 3 of the charter vests in the county all the powers conferred by general law. Thus the county, under section 340 of the County Law, has powers of local legislation and administration and the power to adopt and amend local laws in relation to the property, affairs and government of the county, which shall be county wide in operation and effect. Subdivision 2 of section 7 of the charter specifically confers upon the county all powers of local legislation and administration as provided by section 26 of article 3 of the Constitution of the State of New York. In short, Westchester county has been given in these sections of its charter those powers for which the Constitution expressly provides, namely, powers of local legislation and administration and the power to pass any local law relating to the property, affairs or government of the county.

If without including section 4 in the county charter, the other sections of the charter mentioned gave to the county power to adopt and amend local laws in relation to its property, affairs and government, and if section 4 is to be limited as urged by the majority, then the Legislature has done a useless and futile thing, and used broad and comprehensive language that is meaningless.

It was the apparent intention of the Legislature to grant by section 4 every power that it could grant within the limits of the Constitution. Its purpose was to give to the county home rule in its broadest constitutional terms and to enable the county to legislate concerning the government of the county without constantly returning to the Legislature for additional powers and to prevent a recurrence of a multitude of special acts amendatory of the county's organic law. If that was the purpose, does Local Law

No. 5 come within the confines of the powers granted? It is conceded that the Legislature could, by express language, grant power to pass such local legislation as is here involved. I believe that an analysis of the power exercised demonstrates that the grant may be implied from the comprehensive language of section 4.

The local law is effective only within the county. It is a service charge imposed for the use of county-owned property, under the sole control of the county, and was enacted for the benefit of the county and its taxpayers. It is in payment of a distinct service rendered to the motorist using a county-owned facility. In sections 4 and 10 of the Westchester County Park Commission Act appears the legislative declaration that the acquisition, construction and maintenance of these parkways is a county purpose. By that act the county was empowered to finance the project by the issuance of county bonds. What the local law proposes is simply to provide an additional means of defraying the cost of a local improvement. It is clear that this is local legislation relating to the property and affairs of the county.

That the power to impose tolls may be conferred without express language in the enabling act is illustrated by the case of *Robia Holding Corp.* v. *Walker* (257 N. Y. 431). There the power was found in provisions of the local charter authorizing the city of New York to construct bridges and to issue bonds for revenue-producing improvements. Here the county is authorized, in the Park Commission Act, to construct, maintain and finance parkways, and, in its charter, to legislate with respect to its property and affairs. To my mind the grant of power is at least as plain in the latter case as in the former.

In such a grant of power is there anything forbidden by the Constitution? As a general proposition the Legislature may not delegate its legislative prerogatives, because section 1 of article 3 of the Constitution provides that " the legislative power of this State shall be vested in the Senate and Assembly." To this general rule there is a well-recognized exception in the provisions of the Constitution itself providing for local self-government. (*Matter of Mooney* v. *Cohen*, 272 N. Y. 33.) The grant of legislative power to counties adopting optional forms of local government is authorized by section 26 of article 3 of the former Constitution and by section 2 of article 9 of the present one. That the power has been conferred in general language may not be an objection so long as the limitations of the Constitution are not exceeded. Here, the grant of power does not seem to be in excess of that permitted by the Constitution, but on the contrary it is framed in substantially the same language as the Constitution itself employs.

On submission of controversy on an agreed statement of facts, judgment directed for plaintiff, without costs, declaring and adjudging the adoption of Local Law No. 5, imposing a toll upon the use of the Hutchinson River parkway by motor vehicles, to be in excess of the powers of the county of Westchester or of the Westchester county park commission, and enjoining and restraining the imposition and collection of such tolls thereunder.