THE GREAT ATLANTIC & PACIFIC TEA COMPANY and Others, Plaintiffs, v. THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, New York County, February 1, 1940.

*Weisman, Celler, Quinn, Allen & Spett* [*Murray C. Spett* and *Arthur Sheinberg* of counsel], for the plaintiffs.

*William C. Chanler, Corporation Counsel* [*Jeremiah M. Evarts* of counsel], for the defendants.

PECORA, J.  This is an action for an injunction to restrain the enforcement of Local Law No. 16 of 1939 (N. Y. City Administrative Code, § 487d–2.1) upon the ground of its unconstitutionality, and upon the further ground that the regulations and amended regulations adopted by the fire commissioner pursuant to said law are invalid and unenforcible.  An injunction *pendente lite* heretofore has been granted.  (*Great A. & P. Tea Co.* v. *City of New York*, N. Y. L. J., July 29, 1939, p. 238.)

The complaint contains two causes of action.  Only the first one is pertinent here, since the motion now being considered is for judgment on the pleadings on said cause.  The first cause alleges the unconstitutionality and invalidity of the local law and the unwarranted assumption of power under it by the fire commissioner.

Local Law No. 16 provides: " Motor vehicles having the appearance of apparatus and vehicles of the fire department and fire patrol prohibited.  It shall be unlawful for any person to use or possess a motor vehicle which is designed, designated, painted, colored or provided with insignia to have the appearance or take on the form of the apparatus and vehicles of the fire department or fire patrol, excepting emergency vehicles of public service corporations or companies doing construction or excavation work under franchises, without an authorization in writing issued by the commissioner, in his discretion, and in accordance with such regulations as he may prescribe.  * * *  Any person who shall violate or refuse or neglect to comply with the provisions of this section, shall, upon conviction thereof be punished by a fine of not more than $100, or by imprisonment not exceeding thirty days, or both."

The plaintiff Great Atlantic & Pacific Tea Company, according to the pleadings, owns and operates many chain stores throughout the city and the State of New York, as well as in other States. For years the fronts of these stores have been uniformly painted

and decorated in a distinctive red color or shade. The plaintiffs also own and operate throughout this city and State hundreds of duly licensed motor trucks in connection with these stores. These trucks have likewise been painted in the same color. That color is similar to the color of the motor apparatus and vehicles of the fire department of this city. Hence, the operation of the plaintiffs' trucks throughout the city would constitute a violation of Local Law No. 16. Plaintiffs accordingly have brought this action, and they now make the present motion.

In considering the constitutionality of a law, there is a presumption of its validity. (*Matter of Stubbe* v. *Adamson*, 220 N. Y. 459.) The question here does not involve any consideration of the relation between the enactment and the evils it attempts to cure. Taking judicial notice of the congested traffic conditions in the city of New York, it would appear that the enactment of Local Law No. 16 had some relation to the prevention of the evil. However, assuming such relationship, the only question before me is one of constitutional and statutory construction, which resolves itself into whether or not the local legislative body had the power to enact such legislation.

Section 54 of the Vehicle and Traffic Law provides in part as follows:

" Local ordinances prohibited. Except as otherwise provided in this chapter, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring from any owner of a motor vehicle or motor cycle, or from any operator or chauffeur to whom this chapter is applicable, any tax, fee, license or permit for the use of the public highways, or excluding any such owner, operator or chauffeur from the free use of said public highways,  *  *  *  provided further that nothing in this chapter contained shall impair the validity or effect of any ordinances regulating the speed of motor vehicles and motor cycles, or of any traffic regulations with regard to the operation of motor vehicles and motor cycles, heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class."

Section 10 of the Vehicle and Traffic Law provides:

" Application of this article. Except as otherwise expressly provided in this chapter, this article shall be exclusively controlling:

" a. Upon the registration, numbering and regulation of motor vehicles and the licensing and regulation of chauffeurs and operators thereof;

" b. On their use of public highways, and

" c. On the accessories used upon motor vehicles and their incidents."

The underlying purpose of these provisions of the Vehicle and Traffic Law is to establish throughout the State a uniform system regarding the operation and regulation of motor vehicles and their use. (*People* v. *President and Trustees of Village of Ossining,* 238 App. Div. 684; affd., 264 N. Y. 574; *People* v. *County of Westchester,* 257 App. Div. 769; *People* v. *City of Buffalo,* 152 Misc. 375.)

The defendants contend that Local Law No. 16 is a traffic regulation respecting the operation of motor vehicles, and as such is expressly excepted by section 54 of the Vehicle and Traffic Law. The local law, however, does not address itself to the use or operation of motor vehicles, but rather to the color or appearance of the vehicle. To hold that the Vehicle and Traffic Law does not give the State exclusive control of the color of motor vehicles, and that each city might enact legislation prohibiting the possession and use of automobiles similar in color to the apparatus of their fire, police, health and other departments would create a condition of confusion and chaos in the use of motor vehicles. Certainly it would violate the policy and purpose of uniformity upon which the Vehicle and Traffic Law is based. It might become necessary for an owner of a vehicle in traveling from city to city, within the State, to change the color of the vehicle as he entered each city having a different local law regarding such color. Thus the local law in so far as it attempts to set up regulations prohibiting or excluding the possession and use upon the streets of the city of New York of State-registered motor vehicles, because of their color, violates sections 10 and 54 of the Vehicle and Traffic Law.

The case of *Matter of Fixler* v. *Quigley* (213 N. Y. 276), where it was held that the commissioner of licenses properly exercised his discretion in refusing a license to an operator of a taxicab because the applicant had painted on the sides of his taxicab a device which was owned by an association of taxicab owners, does not reach any conclusion inconsistent with the holding herein. There the act of the commissioner was predicated upon the existing provisions of the Code of Ordinances relating to the licensing of hacks. However, the charter then in existence (Greater N. Y. Charter, § 51) expressly empowered the city of New York to pass regulations relating to the taxicab industry and the licensing of hacks. The local legislation relating to the licensing of hacks and of automobile buses, therefore, finds its basis directly in a State legislative grant.

Since the local law in question is inconsistent with the Vehicle and Traffic Law, it also violates section 12 of article 9 of the State Constitution which provides that every city shall·have power to adopt and amend local laws which are not inconsistent with the

Constitution and the laws of the State. Under section 27 of the New York City Charter, the council is given power to adopt local laws " which are not inconsistent with the provisions of this charter or with the Constitution or laws of the United States or of this State."

At least to the extent that it bans the use of the city's streets to operators of motor vehicles because of the color of the vehicles, Local Law No. 16 must, therefore, be declared unconstitutional, upon the ground that the local legislative body has passed an enactment inconsistent with the laws of the State of New York.

This decision as to unconstitutionality renders it unnecessary to consider the argument of the plaintiffs that the fire commissioner of the city of New York has improperly arrogated to himself the legislative powers reserved to the council in promulgating regulations pursuant to Local Law No. 16.

Plaintiffs' motion for judgment on the pleadings upon the first cause of action is granted. Settle order.