ABRAHAM BOORD, Plaintiff, v. ARTHUR W. WALLANDER, as Police Commissioner of the City of New York, Defendant.

Supreme Court, Special Term, New York County, May 9, 1949.

*Harold M. Brown* for plaintiff.

*John P. McGrath, Corporation Counsel* (*Morris W. Weiner* and *Saul Moskoff* of counsel), for defendant.

VALENTE, J. The plaintiff, a licensed hotel runner for twenty-five years, has brought this action for a permanent injunction restraining the defendant Police Commissioner from enforcing rule 4 and a portion of rule 5 of the Rules and Regulations of the Police Department of this city governing the conduct of licensed hotel runners.

The business of operating as a hotel runner was first licensed in 1897, and the history and nature of plaintiff's business is stated in Mr. Justice ROSENMAN's opinion in the case of *Levy* v. *Valentine* (173 Misc. 306, 307, 308) as follows: " The plaintiff has been a hotel runner, duly licensed by successive police commissioners, for approximately twenty years. * * * His general course of conduct is to approach out-of-town automobiles when they have left the regular traffic line and inquire whether the occupants are looking for hotel accommodations. In the event they do, he endeavors to direct them to one of the hotels which he represents. * * * That hotel solicitation by runners has been a legitimate business for many years is not disputed. For over half a century such business was licensed by the city, and thereby stamped as legal (Greater New York City Charter, § 349). The practice of licensing hotel runners was continued in the newly adopted Administrative Code (§ 436–3.0)."

In the case cited, after trial the defendant police commissioner was restrained from enforcing what was then rule 5, which was identical in language with the present rule 4.

In an earlier proceeding under article 78 the commissioner had been directed to issue renewal of licenses for the year 1939, denied by him on the ground that many of the runners were not persons of good character, that the question of regulation of runners was being studied, pending the passage of appropriate legislation by the city council, and that he had the right, therefore, to refuse to renew the licenses (*Matter of Levy* v. *Valentine,* 172 Misc. 130). This court held that the commissioner was without power to act in a quasi-legislative capacity and determine rules outside of the statute.

It was not until 1947 that the city council amended the Administrative Code and the City Charter by Local Law No. 39, which repeals former section 436–3.0 of the Administrative Code and adds a new section 436–3.0 thereto.

The new section contains the following: "a — Legislative findings. It is hereby declared and found that the business of a hotel runner * * * is a vestige of city life of several decades ago * * *. The opportunities for a runner have conse-

quently dwindled, competition has become keen and complaints have been steadily increasing concerning misinformation and fraudulent statements given out by runners. * * * It is therefore in the public interest and welfare that a law be enacted permitting only those men who already possess licenses to continue in the business and providing that no additional licenses be issued. In this manner the business of runner will eventually be abolished * * * and at the same time will prevent the abuses and fraudulent practices now present in such business.''

'' b. Definitions. Whenever used in this section, the term ' hotel runner ' shall mean and include a person who solicits * * * patronage for any hotel, or inn * * *.

'' h. Rules and regulations. The commissioner may make such rules, regulations and orders as he may deem necessary for the licensing and conduct of hotel runners, licensed pursuant to the provisions of this section, and which in his opinion will serve to secure the objects of this section, protect persons and property and otherwise safeguard the interests of the traveling and general public.''

The present enactment confers upon the police commissioner the power to make necessary rules, regulations and orders for the conduct of hotel runners which power he lacked when the case of *Levy* v. *Valentine* (173 Misc. 306, *supra*) was decided.

It does not lie within the appropriate prerogatives of the judicial department of Government to interfere with laws or regulations passed or adopted in pursuance of the proper exercise of the police power. (*Schmidinger* v. *Chicago*, 226 U. S. 578.) Where the regulation is within the scope of authority legally delegated, the presumption of the existence of facts justifying its specific exercise attaches alike to statutes, municipal ordinances and to orders of administrative bodies (*Pacific States Box & Basket Co.* v. *White*, 296 U. S. 176, 186). The courts have frequently reiterated the rule that local authorities entrusted with the regulation of such matters and not the courts are primarily the judges of the necessities of local situations and the courts may only interfere with laws or ordinances passed or regulations adopted in pursuance of the police power where they are so arbitrary as to be palpably and unmistakably in excess of any reasonable exercise of the authority conferred (*Schmidinger* v. *Chicago*, 226 U. S. 578, *supra*). Not every law or regulation is void which may seem to judges who pass upon it excessive, unsuited to its ostensible end, or based upon conceptions of morality with which they disagree (*Otis* v. *Parker*, 187 U. S. 606).

A business, however honest in itself, may be the subject of

governmental regulation, if it may become a medium of fraud, and this is true even though the business may be honestly conducted (*People* v. *Beakes Dairy Co.,* 222 N. Y. 416, 427; *People* v. *Arlen Service Stations,* 284 N. Y. 340). Nor should the courts pry into the realm of expediency where legislative judgment alone dictates the necessity for statutory regulation and its wisdom (*People* v. *Arlen Service Stations, supra*).

Rule 4 does not prohibit the plaintiff or any other licensed hotel runner from pursuing the occupation and business permitted by his license. The rule operates only to prevent the licensee from soliciting a visitor who indicates or mentions the place at which he wishes to stay or visit. This does not prevent the runner from soliciting patronage for the hotel which he represents except in cases where the person solicited has previously indicated or mentioned the destination or place at which he wishes to stay or visit.

There is no force to the plaintiff's contention that the rule in question is arbitrary and illegal because it fails to contain a prohibition against the use of false or fraudulent statements or representations in diverting or attempting to divert a visitor and because it is inconsistent with section 925-a of the Penal Law, which forbids diverting or attempting to divert any traveler or other person by means of "any false statement or representation". Laws or regulations dealing with the same subject matter are not necessarily incompatible because not identical (*People* v. *Lewis,* 295 N. Y. 42, 51). *Matter of Kress & Co.* v. *Department of Health* (283 N. Y. 55), *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury* (230 App. Div. 228, affd. 256 N. Y. 619), *Bus Depot Holding Corp.* v. *Valentine* (288 N. Y. 115) and similar cases cited by the plaintiff, are not controlling here. Those cases are authority for the rule that a general statute or policy may not be abrogated by local ordinance or regulation. We are not confronted here with an attempt by local enactment to override a specific State enactment. There can be no question that under the local law involved here the commissioner was not confined to prohibiting the commission of acts amounting to criminal conduct but was empowered to make such rules as he deemed necessary to secure the objects sought to be achieved by the statute. The council indicates in the provisions of the new section that fraudulent practices have been committed by runners in the past and that such practices constitute an evil to be remedied. The statute recognizes the keen competition as a result of which unsatisfactory conditions have arisen. It is not for this court to declare that the action of the

commissioner, pursuant to the authority conferred on him by the city council, has been arbitrary or unreasonable in prohibiting any attempt by licensed runners to divert visitors who make known their chosen destination.

The plaintiff has failed to sustain the burden of proving that rule 4 is arbitrary, unreasonable, illegal or that it violates his constitutional rights.

The portion of rule 5 to which the plaintiff and other licensees object presents a different situation. The police commissioner has ordered that "A licensee is not permitted to act as a chauffeur". A license as an operator of motor vehicles or as a chauffeur is issued, upon a proper application, by the Commissioner of Motor Vehicles pursuant to the provisions of section 20 of the Vehicle and Traffic Law of the State of New York. Subdivision 4 of this section prohibits the operation or driving of a motor vehicle upon the public highways of this State unless such a license has been issued under the statute. Section 10 of the Vehicle and Traffic Law provides:

" *Application of this article.* Except as otherwise expressly provided in this chapter, this article shall be exclusively controlling:

" a. Upon the registration, numbering and regulation of motor vehicles and the licensing and regulation of chauffeurs and operators thereof;

" b. On their use of public highways     \*   \*   \*."

Section 54 of the Vehicle and Traffic Law provides that except as otherwise provided therein " local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation   \*   \*   \* excluding any such owner, operator or chauffeur from the free use of such public highways ".

The underlying purpose of the foregoing provisions of the Vehicle and Traffic Law is to establish throughout the State a uniform system regarding the operation and regulation of motor vehicles and their use and operation (*People* v. *President & Trustees of Vil. of Ossining,* 238 App. Div. 684, affd. 264 N. Y. 574; *People* v. *County of Westchester,* 257 App. Div. 769; *People* v. *City of Buffalo,* 152 Misc. 375).

The commissioner by the objectionable portion of rule 5 is attempting to exclude certain holders of licenses as chauffeurs from the free use of the public highways. The State law does not make an exception as to chauffeurs who chance to be licensed hotel runners. Thus the rule or regulation issued by the police commissioner so far as it attempts to prohibit or exclude a hotel runner who holds a chauffeur's license from using the latter

violates sections 20 and 54 of the Vehicle and Traffic Law (*Great Atlantic & Pacific Tea Co.* v. *City of New York,* 173 Misc. 470). It is therefore unenforcible.

The above constitutes the facts as found and is the decision of the court, pursuant to section 440 of the Civil Practice Act.

Judgment is accordingly awarded in favor of the plaintiff, enjoining and restraining the defendant, employees, subordinates and representatives from in anywise enforcing so much of rule 5 of the rules and regulations promulgated on September 8, 1947, as prohibits a licensee from acting as a chauffeur.

Settle judgment.